THOMAS HOPE, *adm'r of* HANNAH HOPE *vs.* THOMAS
HUTCHINS.—*June,* 1837.

When the donor of personal property declared in the deed of gift, that she
should not be debarred or prevented from holding, using, or enjoying the
property granted, and all profits arising therefrom during her natural life,
this reservation does not qualify the absolute character of the grant except
only so far as to enable the donor to use either the subject granted, or *its*
*increase* during her life, though the donor remained in possession till her
death.

In all cases of contracts, deeds, and wills, the intention of the parties shall
prevail as a rule of construction unless it violates some established prin-
ciple of law.

APPEAL from *Harford* county court.

This was an action of *Replevin* commenced on the 8th
day of May, 1833, brought by *Thomas Hutchins* against the
appellant for the following negro slaves, to wit : *Mary, Ann,*
*Joshua, John.* The slaves were replevied and delivered to
the plaintiff as per the schedule returned with the writ in this
cause.

The case was submitted to the county court upon an
agreement and statement of facts. " The defendant's intes-
tate, *Hannah Hope,* executed and delivered to the plaintiff,
*Thomas Hutchins,* a bill of sale dated August 21, 1818, for
and in consideration of the love and affection which she, the
said *Hannah Hope,* doth bear unto the said *Thomas Hutchins*
and *Lovisah Hutchins,* his wife, the daughter of the said
*Hannah Hope,* and for the better maintenance, support, and
preferment of them, the said *Thomas Hutchins* and *Lovisah*
*Hutchins,* his wife, of a negro girl, named *Betty,* two cows,
and all the household furniture of which she, the said *Han-*
*nah,* may be possessed of at the time of her decease—*pro-*
*vided the said Hannah Hope shall not be debarred or prevented*
*holding, using, and enjoying, the said property above as afore-*
*mentioned, and all profits arising therefrom during her natural*
*life ;* and the said *Hannah* did give and grant and confirm
the said property unto the said *Thomas Hutchins,* his heirs
and assignees, under the proviso, restrictions and limitations

above mentioned, to take and enjoy, to use or dispose of to him, the said *Thomas Hutchins*, his heirs or assigns, to his or their use and benefit, and to no other purpose or use whatsoever. This instrument was duly acknowledged and recorded. The negroes claimed were the children of *Betty*, born after the execution of the bill of sale, and during the life time of *Hannah Hope*. *Betty* and her children remained in the possession of *Hannah Hope* to the time of her death.

Upon these facts the county court (*Archer*, *Ch. J.* and *Purviance*, *A. J.*) were of opinion that the legal estate in negro *Betty* passed to the grantee, at the time of the execution of the deed, and that the reservation in favor of the grantor, only operated as a covenant to permit the grantor to use *Betty* and her children (the profits) if she pleased so to do, that, in this respect the case differs from the decided cases of *Dobson and Scott, &c.* and therefore rendered judgment for the plaintiff in replevin, to be retained by him irrepleviable for ever.

The defendant, *Thomas Hope*, administrator of *Hannah*, brought up the cause by appeal, and it was submitted on written notes to STEPHEN, DORSEY, and CHAMBERS, Judges.

By O. SCOTT, for the appellant.

CONSTABLE, for the appellee.

STEPHEN, Judge, delivered the opinion of the court.

We think that the judgment rendered by *Harford* county court in this case was correct, and ought to be affirmed. It is a rule of reason and justice, as well as a well settled doctrine of our jurisprudence, that in all cases of contracts, deeds, and wills, the intention of the parties shall prevail, unless it violates or infringes some established principle of law. The language of the deed, upon the construction of which the controversy in this case arises, is, we think, too plain and explicit to admit of doubt or difficulty in ascertaining its true meaning, or legal effect and operation. It is most clear, plain, and palpable, from the terms of the instru-

ment itself, that the legal title, upon its execution, immediately passed to the grantee, and that nothing more than a mere usufructuary interest, or right of enjoyment, was intended to be reserved by the grantor, in relation, either to principal or profits. It was obviously her design to make a beneficial provision for her daughter, who was the wife of the grantee, reserving to herself, at the same time, the use of the property and its profits, for her life only, in case her necessities should require it. The reservation is express, that she was not to be debarred or prevented from holding, using, and enjoying, the said property and all *its profits during her natural life.* Upon the most favourable construction which can be given to this deed for the appellant, his intestate could only take a life interest in the children, considering them as a part of the *profits,* in which light they are considered by the decisions of this state, and which give them to the tenant for life, when born during the continuance of his life estate; but it is manifest from the terms of the instrument, that she intended to appropriate and carve out for her own use, no greater interest in the *profits* than she had reserved in the *principal* articles, from which the profits were to be derived; and it is not understood to be denied, or questioned, that upon her death, all her interest in the labour and services of the mother, immediately ceased and terminated. We do not think that the decisions of the courts of this state referred to by the appellant in his argument, have any bearing upon the merits of this controversy. In 4 *Dallas,* 347, *Patterson, Justice,* in delivering the opinion of the circuit court for the *Pennsylvania District,* says, " the great rule of interpretation, with respect to deeds and contracts is, to put such a construction upon them, as will effectuate the intention of the parties, if such intention be consistent with the principles of law. This rule of construction, as we have before remarked, is the polar star by which courts of justice are governed in their judicial interpretation of such instruments, and in this case, the terms used by the donor, so clearly and forcibly express her intention, that we think

the deed can admit of but one construction only, which is that her usufructuary interest in the mother and her children ceased upon her death, and that they then passed to the appellee in full and absolute property. The decisions of *Scott vs. Dobson,* and *Somervill vs. Johnson,* cited in the argument, do not apply to this case. They are cases where property in the female slaves was vested in the tenant for life; but in this case the property was transferred by the deed immediately to the appellee, and nothing more was reserved than a limited and temporary right of user, which expired upon the death of the donor. If she had intended to reserve to herself a title to the profits, instead of stipulating for the *use* of them in common with the principal property from which they were to be derived, she would have employed language more appropriate to carry that intention into effect; but in the reservation which she makes of a right to their use and enjoyment during her life, they are placed upon the same footing with the principal articles specifically enumerated, and upon her death passed with them to the appellee. We think therefore that the judgment of *Harford* county court was correct, and ought to be affirmed.

JUDGMENT AFFIRMED.