HENRY M. HANNON AND OTHERS, EXC'RS OF WALTER W. HANNON, vs. THE STATE OF MARYLAND, USE OF WILLIAM G. ROBEY AND GRACE ANN HIS WIFE.—*June* 1851.

An appeal was taken from *Charles* county court, on the 27th of March, 1846, and the record was not filed in this court until the 25th of May, 1848. The appellee moved to dismiss the appeal, because the record was not transmitted within the nine months, and read a certificate of the clerk of the county, under the seal of the county court, stating that the record was detained in said office by a verbal order of the appellant's counsel.   HELD : That this certificate is not legitimately before this court for any purpose ; it has none of the attributes of legal evidence, and the appeal is protected by the act of 1842, ch. 288.

A testator gave to his daughter by will, one-third of the personal property he might die possessed of, not otherwise willed or disposed of.   To an action by the legatee against the executors to recover this legacy, the defendants pleaded that they had paid to the plaintiff the full amount of her proportion of the estate of her father, and on this plea, issue was joined.   HELD : That under this plea it was competent for the executors to give in evidence a deed, executed by the testator in his lifetime, conveying to his sons one-half of the personal estate of which he might die possessed, in order to reduce the aggregate amount of the estate, out of which the plaintiff was to receive her proportion.

A grantor conveyed by deed of gift to his two sons, " one-half of all my personal estate of which I may die possessed."   HELD : That this deed was competent to pass to the grantee one-half of the personal estate which could be shown by parol proof to remain in his possession at the time of his death, after payment of his debts and other proper expenses and charges of administration.

A deed conveying to a grantee all the personal property of the grantor, without describing particular articles, will pass all that may be proved by parol testimony to have belonged to the grantor at the date of the deed—a description of particulars is not necessary.

Every sane man has authority to give away his property by deed, unless he attempts to give it upon terms which the law repudiates as against sound policy.

APPEAL from *Charles* county court.

This was an action of *debt,* brought in 1840, by *William G. Robey* and *Grace Ann,* his wife, the appellees, against the appellants on their bond, as executors of *Walter W. Hannon,* to recover a legacy claimed by the said *Grace Ann,* under the

will of the testator. The defendants pleaded *general performance*, and the plaintiffs replied by setting out the will and the amount claimed in the usual form. The case was tried in 1841, and on appeal by defendants, this court reversed the judgment, and sent the case back on a *procedendo*. The defendants then filed a rejoinder, averring: 1st. That they had paid the plaintiffs the sum of $3,520.52, claimed in the replication; and 2nd. That they had paid the plaintiffs the full amount of their proportion of the estate of said *Walter W. Hannon*. The plaintiffs surrejoined and traversed the averments of the rejoinder, and on these traverses, issues were joined.

EXCEPTION. The plaintiffs then offered in evidence the will of *Walter W. Hannon*, duly executed on the 16th of May, 1838, and admitted to probate on the 18th of September, containing among others, the following bequest: "*Item.* I also give and bequeath to my daughter, *Grace Ann Robey*, one-third part of my personal property I die possessed of, and not otherwise willed or disposed of;" and further gave evidence showing that there remained, on the 16th of March, 1841, in the hands of the defendants as executors, after payment of debts, specific legacies, &c., the sum of $3000, to which the said *Grace Ann Robey* was entitled under the will. The defendants then offered to read in evidence a duly authenticated copy of an indenture or deed of gift from *Walter W. Hannon, Sen.*, to his two sons, *Walter W. Hannon, Jr.*, and *Henry M. Hannon*, duly executed, acknowledged and recorded, and bearing date the 8th of September, 1832, in which the grantor, "in consideration of natural love and affection, and for the better maintenance, support, livelihood and preferment," "of his said sons," gives, grants and confirms unto his said sons, "their heirs and assigns, one-half of all my personal estate of which I may die possessed." To the admissibility of this instrument of writing, the plaintiffs objected, and the court, (MAGRUDER, C. J., and KEY, A. J.,) sustained the objection, and refused to permit the same to be read in evidence, and the defendants excepted.

Judgment was rendered for the plaintiffs on the 27th of March, 1846, and on the same day the defendants prayed an appeal. The transcript of the record was filed in this court on the 25th of May 1848, and the appellees moved to dismiss the appeal because the transcript was not transmitted to this court within the nine months required by law, and read a certificate of the clerk of *Charles* county, under the seal of the county court, stating that the cause of the delay in sending the record, was owing to an order given either by *Hannon* or one of his attorneys, not to send the same until further orders should be given by said attorney or *Hannon* himself.

The cause was argued before DORSEY, C. J., CHAMBERS, MARTIN and FRICK, J.

CAUSIN for the appellants, on the merits, contended that the court erred in rejecting the evidence offered, because under the pleadings it was admissible, in order to reduce the personal estate out of which the legacy claimed was to be paid, the said deed or bill of sale being a valid transfer of one-half of said personal estate, binding on the grantor, and those claiming under or from him.

TUCK for the appellees, contended that the evidence was properly rejected. 1st. Because the paper offered in evidence did not purport to be a testamentary paper. 2nd. Because there was no issue in the cause to which said evidence was applicable. And 3rd. Because such deeds are not required to be recorded, and the copy offered in evidence was inadmissible.

CHAMBERS, J., delivered the opinion of this court.

A preliminary question has been raised in this case, upon the ground that the record was not filed in this court within nine months from the day the appeal was taken; and a certificate has been read by the appellant's counsel, in which the clerk of *Charles* county court declares, it was by a verbal order of the appellant's counsel that the record was detained in his office.

We cannot recognize that certificate as being legitimately before us for any purpose. It has none of the attributes of legal evidence.

Upon an inspection of the record, we find it to state, that an appeal was duly taken at the time the judgment was rendered, and we find in it nothing to indicate a default on the part of the appellant.

We therefore think the case protected by the act of 1842, chap. 288, and overrule the motion to dismiss the appeal.

The only question arising on the bill of exceptions is, whether the sealed instrument of the 8th September, 1832, executed by *W. W. Hannon* to his son *W. W. Hannon, Jr.*, and *Henry M. Hannon*, was admissible as evidence in the cause, under either of the issues joined.

In a former trial of this cause, that paper was given in evidence, as a testamentary paper, but the subsequent proceedings in the case make it impossible to regard it now in that character.

The appellee's counsel in one part of the argument, seemed to assume, that because it was decided not to be operative as a part of the last will and testament of *W. W. Hannon*, therefore it could not have any legal operation. This does not by any means follow.

It is a solemn deed, executed with due formality, for a consideration just as sufficient against the party and his legal representative as a full and ample pecuniary consideration, actually advanced; and is not impeached by any pretence of fraud or imposition.

Clearly, every sane man has authority to give away his property, unless he attempts to give it upon terms which the law repudiates as against sound policy. He cannot give it to be held in perpetuity, or by any tenure not consistent with the rules of law, nor may he devote it to impolitic or criminal objects.

This deed professes to transfer personal property to children of the grantee. It does not profess to create a perpetuity, but but is to be held by them as their absolute property. It is said, that the grantor did not grant what he then had in possession,

but what he might possess at the time of his death. This objection assumes, that if the grant had been of the personal property then in possession of the grantor, to be delivered to the grantees at his death, it would have passed the grantor's title. We think such has been recognized to be the law. 9 *G. & J.,* 77, *Hope and Hutchins.*

There a mother gave specific property to her child, reserving to herself, during her life, the use of the property and its increase, and this court sustained the title of the child derived under that instrument.

If then, the deed was sufficient to pass any part of the property of the grantor, had it been specifically described, it would we think of necessity, operate upon any article of property which, by parol testimony, could have been proved to have been in the grantor's possession at the date of the deed, and which remained in his possession at the time of his death.

According to this theory, then, the testimony should have been admitted as a first link in a chain of testimony, to be, thereafter, followed by parol proof.

It is, however, objected, that the state of the pleadings did not justify the production of such evidence, because the sole question was, whether " payment" had or had not been made? If this be so, then, upon this issue, there would not only be no necessity to furnish proof of the amount of assets to be distributed, but if, on the face of the will itself, it should appear, that the plaintiff was to receive one-tenth of the surplus, he might recover one-third of the estate, provided his pleadings claimed a third.

Now what is the issue in this case? The defendants in their rejoinder allege, that they, the executors, had fully paid to the plaintiff " the full amount of his proportion of the estate of her father." In this language the issue is joined. The terms of this issue bring before the jury, in the broadest form, the consideration of what was " the amount of plaintiff's proportion of the estate." Admitting, for the sake of this argument, that the rejoinder, which tenders an issue of payment of the precise sum now mentioned, would exclude all evidence

OF MARYLAND. **445**

Hannon's Exc'rs, *vs.* The State, use of Robey and wife.—1851.

going to show the amount of estate, (and it is only so assumed for the purpose, without an intention so to decide,) yet, under the peculiar language of the issue above mentioned, we must consider the evidence as admissible, for the purpose of showing what was the amount of the estate, and, of course, what was the plaintiff's proportion; the plaintiff's claim being only to be calculated by ascertaining, in the first place, what was the amount of the whole.

The present record does not, perhaps, strictly present the question, " What did pass by the deed of the 8th September, 1832?"

It must, of necessity, arise at the trial of the cause on the *procedendo*, and we deem it proper to say, that on the best consideration we have been able to give, it was competent to pass to the grantees one-half of the personal estate of the grantor, which should remain in his possession at the time of his death, after payment of his debts and other proper expenses and charges of administration.   Taking into view the relations in which the parties stood to each other, it must be regarded as intending to secure to the grantees their proportionate share, as children and co-representatives of their father's estate, at his death.   In many cases, such a proceeding might not only be justified, but required by every equitable consideration.   We know of no rule of law which is violated by thus securing to a child, by deed, the proportion of the estate which the law would give him as a distributee, in case of intestacy.

The case of *Hope and Hutchins*, has declared the law in the case of a deed for specific property, and if the enumeration of all the articles of personal property possessed and owned by the grantor at the date of the deed, had been given, then those enumerated articles, and the natural increase from such as were capable of such increase, would, according to adjudged cases, have been passed to the grantees.   But it is said, this deed is too uncertain for the want of such description, and is therefore void.

In 7 *H. & J.*, 147 *Coale and Harrington*, the court have said, that a deed transferring to a grantee all the personal

property belonging to the grantor, without any attempt to describe particular articles, will pass all that may be proved by parol testimony to have belonged to the grantor at the date of the deed; a description of particulars is therefore not necessary.

Nor do we find any authority to forbid the transfer of such personal property subsequently acquired, as the grantor may leave at his death. He could have given his bond, payable at his death, for any specific sum. He could have bound himself in a penalty, to coerce his executors to transfer any specific property to the obligee, at his, the obligor's, death. Why will not the same principle apply to such a deed as the present?

On the whole, we conclude, that consistently with the pleadings, the deed should have been admitted, and should have the legal effect to reduce the amount of the estate, which was to prove the aggregate sum, out of which the plaintiff was to receive her proportion.

JUDGMENT REVERSED AND PROCEDENDO.