(Decided March 14th, 1862.)

## MAYOR & CITY COUNCIL OF BALTIMORE, *vs.* HENRY R. and JOSIAH REYNOLDS.

If an appeal be taken in time, the delay in transmitting the record to this court is no ground for dismissing the appeal, unless it affirmatively appears that such delay is by the default of the appellant.

At a trial various exceptions to the rulings of the court were taken by the defendant, and signed and sealed. The verdict was for the plaintiff for $35,788.53. The defendant moved for a new trial, which the court decided should be granted, unless the plaintiffs would remit on the verdict, the sum of $6195.14. The *remittitur* was entered, and a final judgment entered for the reduced sum. On appeal from this judgment by the defendant; HELD:

1st. That the action of the court below, granting the new trial, unless the *remittitur* was entered, was a matter within the *discretion* of that court, and cannot be reviewed here.

2nd. The judgment for the reduced sum was a judgment on the verdict and

an appeal therefrom brings before this court the exceptions taken at the trial, in the same manner as if the motion for a new trial had been unconditionally refused, and the judgment had been rendered on the verdict for the whole sum.

APPEAL from the Superior Court of Baltimore City.

In this case an action was brought by the appellees against the appellants, at the trial of which various questions of law arose, and were decided by the court below, (LEE, J.,) to whose decisions exceptions were taken by the appellants, and at their instance bills of exception were signed and sealed by the judge. The trial resulted in a verdict for $35,788.53, in favor of the plaintiffs, on which a judgment was rendered July 19th, 1859, and from this judgment an appeal was taken by the defendants. But after this appeal had been prayed and entered, the defendants moved for a new trial, and the court, (MARTIN, J.,) on a hearing of this motion, adjudged, March 31st, 1860, that the defendants were entitled to a new trial, and that the same would be granted, unless the plaintiffs would forthwith remit on the verdict the sum of $6195.14, which amount was thereupon forthwith remitted by the plaintiffs, and judgment was, on the same day, rendered upon the verdict for the reduced amount, viz: for the sum of $29,593,39. From this judgment an appeal was also taken by the defendants, on the day it was entered, and the transcript of the record was filed in this court on the 18th February 1861.

Motions were made, by the appellees, to dismiss both these appeals, and, on the hearing of these motions, the appellants' counsel, in open court, abandoned their appeal from the judgment of the 19th of July 1859. The reasons assigned for dismissing the appeal from the judgment of March 31st, 1860, are in substance :—

1st. That the transcript of the record was not transmitted to the court within the time required by law.

2nd. Because the record does not show any basis for the appeal: no exceptions having been taken, nor motion in arrest made, nor writ of error sued out, to bring the record to this court for review.

3rd. Because the *remittitur*, made by the plaintiffs in compliance with the exigency of the court's order, passed at the instance of the defendants, was so made by the plaintiffs to prevent a new trial, and to entitle them thereby to the residue of the judgment of the 19th of July 1859, and is so made in terms, so that the said judgment was not in fact and in truth, nor in legal effect, superseded, set aside, or in any manner vacated, as to the residue thereof, and the entry of the judgment anew, on the 31st of March 1860, for such residue, was an act of supererogation, and a merely formal entry, and is not, in fact or in law, the real and effectual judgment in the case.

This motion was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J., by *William Schley* and *Reverdy Johnson* for, and by *G. L. Dulany* against, the motion.

BARTOL, J., delivered the opinion of this court.

In this case two appeals were taken, one from the judgment of the 19th day of July 1859, and the other from the judgment rendered on the 31st day of March 1860. Motions have been made, by the appellees, to dismiss both these appeals; but as the former has been abandoned by the appellants' counsel in open court, it is only necessary to dispose of the motion to dismiss the appeal from the judgment rendered on the 31st day of March 1860.

Since the decision of the cases of *Hannon vs. Robey*, 9 *Gill*, 440, and *Dugan vs. Hollins*, 11 *Md. Rep.*, 41, the law is well settled, that if the appeal be taken in time, the delay in the transmission of the transcript of record to this court, furnishes no ground for dismissing the appeal, unless it affirmatively appear that such delay is by the default of the appellant.

The other reasons assigned in support of the motion, have been carefully considered, but we are unable to perceive their force. The facts disclosed in the record, and recited at length in the appellees' motion, show that, at the trial below, "various questions of law arose and were decided by the judge of the

Superior court, to whose decisions exceptions were taken by the appellant, at whose instance bills of exceptions were signed and sealed by the said judge," and have been transmitted to this court. Under these circumstances it cannot be said, "the record does not show any basis for said appeal," as alleged in the motion.

It is true that the trial at which the exceptions were taken, resulted in a verdict for the sum of $35,788.53, and that afterwards on the motion of the defendant below for a new trial, the court passed its order of the 31st day of March 1860, adjudging that the defendant was entitled to a new trial, and that such new trial would be granted, unless the plaintiffs below would forthwith remit on the verdict the sum of $6195.14, which *remittitur* was made by the plaintiffs below, and a final judgment was entered for the reduced sum, and the appeal before us is from that judgment. The appellees are in error in supposing that this appeal brings before us only the action of the Superior court, subsequent to the verdict. Such action, being within the discretion of that court, cannot be reviewed here. But the judgment finally rendered on the 31st day of March 1860, for the reduced amount, was a judgment on the verdict, and an appeal therefrom brings before us the exceptions taken at the trial, in the same manner as if the motion for a new trial had been unconditionally refused, and the final judgment had been rendered on the verdict for the whole sum found by the jury.

*Motion overruled.*

