# EUGENIA CHISWELL

*vs.*

# CHARLES E. NICHOLS.

*Review on Appeal—Refusal of New Trial—Inadequacy of Verdict—Harmless Error—Instructions.*

The action of the lower court in refusing a motion for a new trial, whether the motion is based on the insufficiency of the verdict or on other grounds, will not be reviewed on appeal.
pp. 443-445

Even conceding that it is possible in any case to review the ruling of the lower court on a motion for a new trial, as involving an abuse of the court's discretion, there would have to be something of record to show such abuse, and the question could be presented only by a bill of exceptions, or a certificate of the lower court, bringing before the appellate court such evidence as was before the lower court in passing on the motion. p. 446

Plaintiff's prayer on the measure of damages having been granted, and a verdict found for her, she cannot complain of rulings on other prayers, if these rulings did not modify or change such prayer as to damages. pp. 447, 448

Where, in an action for negligence, the grant of a prayer submitted by plaintiff authorized the jury to find damages for all possible injuries which the plaintiff could in law demand, and the jury found a verdict for plaintiff, the refusal of plaintiff's prayer submitting a particular theory of recovery is not ground for reversal on appeal by plaintiff, the amount of damages being determined, not by the reasons which induced the jury to find for plaintiff, but by the injury sustained, and punitive damages not being allowed. pp. 448, 449

*Decided November 17th, 1921.*

Appeal from the Circuit Court for Frederick County (WORTHINGTON and PETER, JJ.).

Action by Eugenia Chiswell against Charles E. Nichols. From a judgment for plaintiff, she appeals. Affirmed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, and OFFUTT, JJ.

*John S. Newman* and *Leo Weinberg,* for the appellant.

*Milton G. Urner,.* with whom was *Reno S. Harp* on the brief, for the appellee.

BOYD, C. J., delivered the opinion of the Court.

This is the second time this case has been before us on the appeal of the present appellant. In 137 Md. 291, the judgment was reversed and a new trial awarded. It was again tried and the plaintiff (appellant) recovered a verdict for three hundred dollars. Not being satisfied with that verdict, she has appealed and the only question in the record is one presenting a ruling from the lower court on the prayers. The plaintiff offered seven prayers, four of which were granted, and the other three rejected. The defendant also offered seven, all of which were granted except the sixth and seventh, which were rejected.

As about twelve pages of the appellant's brief is devoted to what is really an attempt to have this Court grant a new trial by reason of the alleged failure of the jury to properly compensate the plaintiff for the injury sustained by her, it will be well to dispose of that before taking up the rulings on the prayers. The general rule is thus stated in 2 *Poe, Pl. & Pr.* sec 349: "Motions for a new trial are addressed to the sound discretion of the court, and from its action in granting or refusing them, whether absolutely or on terms, no appeal will lie," and many cases are cited in the note. A number of efforts have been made from time to time to have

this Court entertain such appeals, sometimes by seeking to have us regard the applications as something other than a mere motion for a new trial, but when the appeal was from the action of the lower court on such a motion, or what was equivalent to one, this Court has consistently refused to entertain it. The rule has been so often announced that it may be regarded as useless to refer to any decisions except those found in 2 *Poe, supra,* but what has been said in a few of them will not be out of place, as reflecting upon the position this Court has taken in reference to appeals to it from the rulings of the lower court on such motions. In *Balto. & O. R. R. Co.* v. *Brydon,* 65 Md. 198, a verdict for $75,000 was involved. The Court said: "By the immemorial practice of the Maryland courts, the jury has an unqualified right to form its judgment on the facts which the court determines to be legally sufficient, without any interference or control on the part of the judge. After the verdict is rendered, the judge who tried the case may set it aside and grant a new trial in his discretion, if justice so requires it. But the functions of this Court are much more limited. *We have no right to decide on the correctness or incorrectness of the verdict of a jury.* We are restricted entirely to the questions of law decided by the court below." (Italics ours.)

In a concurring opinion on a motion for a re-argument, CHIEF JUDGE ALVEY said, on p. 230 of 65 Md.: "The law has provided a means of redress against *erroneous or unjust verdicts,* by motion for new trial, addressed to the court that heard the case; *but with that, this Court has nothing to do.*" (Italics ours.) In *Stern* v. *Bennington,* 100 Md. 344, CHIEF JUDGE MCSHERRY asked the question, "Has this Court jurisdiction to review that part of the order appealed against which refused to strike out and set aside the verdict of the jury?" He answered that by saying, "The motion asking the lower court to vacate the verdict was a motion for a new trial, and from a ruling on that motion no appeal will lie to

this Court. * * * This is so fully settled as the law of Maryland that we would not be justified in further discussing it."

The case of *Waters* v. *Waters,* 26 Md. 53, quoted at some length by the appellant, is entirely in harmony with the other decisions of this Court. That was an appeal from an order of the trial court granting a motion for a new trial of issues from the orphans' court. Our predecessors said: "The granting of a motion for a new trial cannot be demanded as matter or right, for whatever objections may be made to a verdict, it is clear, upon authority, that the objections relied on must be aided by some inference of a failure of justice *of which the court, before whom the case was tried, alone can judge, to justify the exercise of its discretionary power over the verdict.* The power to set aside a verdict upon such a motion rests upon considerations altogether behind mere legal objections to the verdict; and it is upon this ground that *the motion goes to the discretion of the court, and that the action upon it cannot be assigned for error upon appeal or writ of error.*" (Italics ours.) The other two Maryland cases cited by appellant, *Whitcomb* v. *Mason,* 102 Md. 275, and *Produce Exchange* v. *New York, P. and N. R. R.,* 130 Md. 113, are also in line with the other decisions in this State, and in the latter the case of *Dutton* v. *State,* 123 Md. 373, where the prisoner was under sentence of death, was cited.

As is usual in cases in which counsel undertake to have a review of the action of the lower court in passing on motions for new trial, it is suggested that it is in reality something else. It is said in their brief: "We come now to a very interesting and novel point. For the first time, this Court is asked, not so much to review the action of the lower court in refusing to grant a new trial, but to say whether it will sustain a verdict (or rather the form of a verdict) which, in view of the record, is *ipso facto* illegal," and then speaks of the "inherent invalidity of the verdict." But this Court has no right to pass upon questions brought before it unless it be done in some proper manner. The record does not dis-

close anything novel in reference to the motion for a new trial. It simply shows "1921, Jany. 22nd, Motion of Plaintiff for new trial filed," and "1921, Jany. 27th, Motion for new trial heard before court (ASSOCIATE JUDGES GLENN H. WORTHINGTON and EDWARD C. PETER), and same day motion for new trial overruled." It does not even show the grounds for the motion, as they nowhere appear in the record. It is true, the brief does state that embodied in the motion there were certain things mentioned, but there is nothing whatever *in the record* to justify that statement, and if we could review the action of the lower court on such a ruling we could not properly be asked to go outside of the record.

When the appeal was entered in this case it did not bring up for review the ruling of the court on the motion for a new trial, for, as we have seen, such ruling is not ordinarily reviewable, even if it be conceded that it is possible in any case to review it on the ground that there was an abuse of discretion by the lower court, which we must not be understood as holding. There would certainly have to be something of record to show such abuse, and as the record before us does not even show upon what that motion was based, it would be an unheard of practice in this State to say that we could, by ascertaining the amount of the verdict and then examining all of the bills of exception filed in the original record and those in this record, presenting other questions, properly determine whether there had been such abuse of discretion. If the question could be brought before us at all by an appeal, it could only be by a bill of exceptions, or certificate of the lower court, bringing before us such evidence as that court had before it in passing on the motion. The case of *Newbold* v. *Green,* 122 Md. 648, cited by the appellant's attorneys, does not sustain their contention as to that point, as that was merely as to the right to demand a bill of particulars. There the Court simply had to examine the pleadings and the papers in the case to determine whether a demand for a bill of particulars was properly refused, while

in this case, even if the appellant had the right to have the ruling on the motion reviewed, it was of course necessary to have the evidence on which the lower court acted properly brought before us.

It would not be helpful to review the decisions of other courts as to when a ruling on a motion for a new trial will or can be reviewed, as the practice differs in many states from ours and our own decisions have settled the question in this State. As the appellant quotes at length from *Simmons* v. *Fish,* 210 Mass. 563, we may add that in that case the lower court had granted a new trial only as to the amount of damages, and not as to liability of the defendant, which he denied, and the Supreme Court of Massachusetts held that under their statute, as it then existed, the court had no power to do so, and it will be seen that in that case an exception was filed and sustained.

It is only necessary to add that there is nothing whatever before us to justify us in saying that the verdict was "inherently invalid" or *"ipso facto* illegal," as the appellant urges. The case of *Fountain* v. *State,* 135 Md. 77, presented a wholly different question from that in this case. We were not then passing on the ruling of the lower court in refusing to grant a new trial, but on its refusal to grant a motion of the prisoner for a postponement of the trial, on the ground that it could not be fair and impartial under the conditions then existing. Those conditions need not be repeated, as they are well known and fully set out in 135 Md.

It only remains for us to pass on the prayers. As the court granted the plaintiff's fourth prayer on the measure of damages, by which the jury were instructed as to what they could consider in estimating the damages, if they found a verdict for the plaintiff, which they did, it would seem to be clear that there was no reversible error in any of the other rulings unless they in some proper way could have affected the amount found. The rejected prayers of the plaintiff concluded with her right to recover, if the jury found the facts

set out in them, but did not in any way modify or change the fourth prayer, and there is nothing in any of the granted prayers of the defendant which can be said to have affected that prayer. It would seem, therefore, to be useless to discuss such a question as the last clear chance, which, the plaintiff contends, was not submitted to the jury, by reason of the rejection of her second prayer. If a plaintiff presents a number of prayers furnishing different grounds for recovery, and some are granted and others rejected, but the jury finds for the plaintiff, it would be difficult to perceive any legal ground for complaint, if there be no difference in them affecting the amount of recovery, whether the jury found for the plaintiff on one theory or on another. The plaintiff was not entitled to one cent more under a recovery under the second prayer than she was for recovery under any of her other prayers which were granted. It was an action of tort, and the fourth prayer was the usual and comprehensive prayer on the subject of damages that is familiar to us all.

There are so many cases in this State holding that a judgment will not be reversed for a harmless error that it would be useless to cite many of them. In 2 *Poe, Pl. & Pr.*, sec. 838, the rule is thus stated: "Another doctrine which is constantly exemplified, is that the judgment will not be reversed, even where the ruling of the court below was erroneous, if it appears that the appellant was not prejudiced thereby. To justify a reversal there should be a concurrence of error on the part of the court and injury thereby resulting to the appellant." There is cited in the note to that statement a list of cases occupying over two-thirds of a page, and there are a number to the same effect included in our late reports, as may be seen by reference to 134 Md., 135 Md., 136 Md., and 137 Md.

There is no foundation for the statement that if the second prayer had been granted the jury might properly have allowed more damages than they did, as by the fourth prayer they were authorized to find damages for all possible injuries

which the plaintiff could in law demand, and the granting of the second prayer could not properly have justified them in adding more by reason of what is said in it.  All of the plaintiff's prayers except the fourth and fifth instructed the jury that if they found certain facts she was entitled to recover. As we have seen, the fourth was on the measure of damages and the fifth instructed the jury as to the effect of her being a guest of Mr. Wood, etc.  The defendant's granted prayers were to the effect that the plaintiff could not recover if they found the facts stated in them.  So neither the rejection of any of the plaintiff's prayers or the granting of the defendant's prayers prevented a recovery, as the plaintiff did recover, and we are satisfied that there was no possible injury done her by the rulings on any of them.  That statement applies to the plaintiff's second, third and seventh prayers, which were rejected, and to the defendant's first, second, third, fourth and fifth, which were granted, and hence it is unnecessary to prolong this opinion by determining whether there was error in the rulings on any of them.  In a case of this kind the jury, in making up their verdict, must first determine whether the plaintiff is entitled to recover and then, if they so find, they must assess the damages.  The amount of damages is not determined in such cases by the reasons for which the verdict for the plaintiff is found, but by the injury sustained, and no punitive damages are allowed.  It follows that the judgment must be affirmed.

> *Judgment affirmed, the appellant to pay the costs in this Court, the costs below to be paid by the appellee.*