LEONA HARTLOVE *v.* E. & H. BOTTLING
COMPANY, Incorporated.
[No. 17, January Term, 1931.]

*Decided March 19th, 1931.*

The cause was argued before Bond, C. J., Pattison, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*James Morfit Mullen* and *Walter H. Buck,* with whom was *Warren N. Arnold* on the brief, for the appellant.

*Charles F. Harley,* with whom was *Robert France* on the brief, for the appellee.

Adkins, J., delivered the opinion of the Court.

This appeal is from an order of the trial court granting a new trial, and from its refusal to strike out that order.

The order was passed on motion of the defendant after a verdict in favor of the plaintiff in a suit for personal injuries. The grounds stated in the motion were the formal ones usually assigned, and, in addition, misconduct on the part of the jury.

It is urged by appellant that there was abuse of discretion by the trial judge; that there was no real hearing of the motion, but that the judge acted on *ex parte* representations made to him privately by defendant's attorney, and on information obtained from the offending juror in chambers, in the presence of counsel representing plaintiff and defendant, but without a formal hearing in open court, and without compliance with certain rules of the Supreme Bench of Baltimore City.

In addition, it was argued by appellant that, on the alleged facts relied on by the court, there was no justification for granting a new trial, and consequently the action of the court was abuse of discretion; and a number of cases were cited from other jurisdictions tending to support the view that the soundness of the discretion of the court in matters of fact and law in passing on such a motion may be reviewed. But as said by this court in *Chiswell v. Nichols,* 139 Md. 442, 115 A. 790, 792, in which Chief Judge Boyd wrote the opinion: "It would not be helpful to review the decisions of other courts as to when a ruling on a motion for a new trial will or can be reviewed, as the practice differs in many states from ours and our own decisions have settled the question in this state." Before proceeding further, we may as well dismiss from consideration the suggestion that any mistake or erroneous conclusion as to law or fact can be brought up for review on an appeal from the trial court's action on such a motion. We feel, however, that it ought to be said in passing that the alleged offense of the juror was a grave one, which we cannot say might not have affected the verdict, and the judge could well have felt impelled to act as he did in an honest and fair

discharge of his obligation to maintain the integrity of judicial proceedings, if he believed, as he unquestionably did, that the alleged offense had been committed. It is not necessary to narrate the alleged facts of the occurrence; for whether, under like circumstances, we would have reached the same conclusion, is beside the point.

It remains to consider procedural irregularities, and their effect. Conceding that they existed, it does not necessarily follow that the conclusion reached by the court is reviewable. Before disposing of this question it may be helpful to refer to the law of this state as announced by this court in an unbroken line of decisions from the beginning down to the present time. Many cases are cited in 2 *Poe, Pl. & Pr.,* note to section 349, in support of the author's unqualified statement of the law in the text: "Motions for a new trial are addressed to the sound discretion of the court, and from its action in granting or refusing them, whether absolutely or on terms, no appeal will lie." In the brief, and in the oral arguments of the appellant, much emphasis is laid on the word "sound," as if it were for this court to say whether a sound discretion had been exercised. But it is clear from what was said in *Waters v. Waters,* 26 Md. 53, that while the motion must be based upon justice, of that "the court, before which the case was tried, alone can judge. * * * The power to set aside a verdict upon such a motion, rests upon considerations altogether behind mere legal objections to the verdict; and it is upon this ground that the motion goes to the discretion of the court, and that the action upon it cannot be assigned for error upon appeal, or writ of error." And in *Stern v. Bennington,* 100 Md. 344, 60 A. 17, 19, the court, through Chief Judge McSherry, said: "The motion asking the lower court to vacate the verdict was a motion for a new trial, and from a ruling on that motion no appeal will lie to this court. * * * This is so fully settled as the law of Maryland that we would not be justified in further discussing it." All these cases and others to like effect are cited with approval by Chief Judge Boyd in *Chiswell v. Nichols, supra;* and the court in that case was unwilling to commit itself to the propo-

sition that even alleged abuse of discretion furnished the basis for an appeal.

In *Washington, B. & A. R. Co. v. Kimmey*, 141 Md. 243, 250, 118 A. 648, in which Judge Urner wrote the opinion, the rule stated in all the preceding cases was recognized, but attention was called to the fact that the exception was not directed to the action of the trial court in overruling the motion for a new trial, but to its exclusion of evidence by which its judgment and discretion in regard to this motion should properly have been influenced; and we held that the action of the court refusing to hear evidence which the petitioner had a right to have considered was reviewable. This brings us to the important question in the present appeal, viz.: Did the trial court refuse to consider any evidence which the appellant had a right to have considered, or was there really any denial of the existence of the facts, knowledge of which came to the court in an extra legal manner? Both of these querries must be answered in the negative. It does not appear anywhere in the record that there was any request on the part of the appellant to be permitted to produce testimony in refutation of the information that had come to the judge, or that the truth of it was even questioned. There was a vigorous protest against the methods pursued by the court. But when the appellant undoubtedly had an opportunity, at the hearing of its motion to strike out the court's order granting a new trial, to offer evidence of witnesses then available (including the mother of the injured plaintiff, who appeared as next friend in the suit), it was announced through her counsel that plaintiff had no evidence to offer but would rest on the motion and affidavits filed, which related to irregularities in the proceeding, and not to the truth of the information on which the court had acted.

If the general rule is to be departed from by reason of such irregularities of procedure as were shown in this case, it must be upon an affirmative showing that the party complaining has suffered thereby injury in fact. It not so appearing, the appeal must be dismissed.

*Appeal dismissed.*