ABRAHAM, ET AL. *v.* MOLER

[No. 166, September Term, 1968.]

*Decided April 10, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

*Robert C. Heeney,* with whom were *Heeney, McAuliffe & McAuliffe* on the brief for appellants.

*Jack S. May,* with whom were *Edward C. Donahue, William A. Ehrmantraut* and *James P. Gleason* on the brief, for appellee.

PER CURIAM.

Appellants seek the overthrow of a $100,000 judgment against them claiming it is excessive. They present also five additional questions. They contend the appellee (Mrs. Moler) failed to produce any affirmative evidence negating contributory negligence; they claim "the verdict is contrary to the evidence;" a verdict in their favor should have been directed, they say, at the close of the evidence; they question the admissibility of the testimony of a medical witness; they say it was error to exclude the testimony of another of their witnesses. We incline to the belief, however, that the appeal reflects more the traumatic effect of the amount of the judgment upon them than any confidence they might have in the contentions they have advanced.

We think Judge Moorman, before whom, without a jury, the case was tried, had before him evidence which enabled him to find that on 25 February 1960 Mrs. Moler was a tenant of the appellants, who owned and operated the Barclay Apartments,[1]

---

1. 4708 Bradley Boulevard, Chevy Chase, Montgomery County, Maryland.

where she resided, that, on 24 February, six and one-half inches of snow fell in the Bethesda-Chevy Chase area, that early on 25 February the snow piles on either side of the driveway in front of the entrance to the apartment house were from two to two and one-half feet high, that much of it melted during the day and drained across the driveway, that by 10:45 p.m. (25 February) the air temperature at ground level was from one to two degrees below freezing, that Mrs. Moler had been brought home from a bingo game by friends at about 11:00 p.m., that entrance to the driveway, at that time, was denied her friends by improperly parked automobiles and what was left of the snow piles, making it necessary for her to walk from the street across the driveway to reach the front door of the apartment house, that in so doing she slipped on a patch of ice which she neither saw nor the presence of which she could reasonably have foreseen, that she was injured severely and that she is permanently disabled. He could have found also from the evidence that appellants knew, should have known or should have anticipated the dangerous condition and that they negligently failed to make the driveway safe by the application of salt, sand or some similar material.

In our consideration of this appeal we shall keep in mind Maryland Rule 886 a which enjoins us, when an action is tried without a jury, not to set aside the judgment of the trial judge on the evidence unless it is clearly erroneous, giving due regard to his opportunity to judge the credibility of the witnesses. *Hamilton v. Smith,* 242 Md. 599, 604-05 (1966). The weight of the evidence, of course, is for the trial judge to determine. *Hall v. Morris,* 213 Md. 396 (1957).

In respect of appellants' first contention we do not understand it to be the law that Mrs. Moler was obliged to introduce evidence specifically negating contributory negligence on her part. Contributory negligence is an affirmative defense which was available to appellants and they had the burden of proving not only that a reasonably prudent person would, in the circumstances, have taken certain precautions but also that Mrs. Moler failed to take those precautions and that her failure so to do directly contributed to her injury. *Gutterman v. Biggs,* 249 Md. 421, 423-24 (1968) ; *Ensor v. Ortman,* 243 Md. 81, 90 (1966).

We have not found in Mrs. Moler's testimony anything which might be said to obviate the appellants' burden of producing such evidence. *Gutterman v. Biggs, supra* and other cases cited therein.

In their next two contentions appellants offer nothing that was not considered and decided in *Honolulu Ltd. v. Cain,* 244 Md. 590 (1966) and *Raff v. Acme Markets, Inc.,* 247 Md. 591 (1967).

Appellants' next contention has to do with the exclusion of so much of the testimony of Dr. O'Donnell (their witness) as relates to the history of the fall as told to him by Mrs. Moler when he examined her on 2 August 1967. They argue that this history was essential to his testimony and that also it would contradict Dr. Shapiro's testimony that her memory had been affected by the accident. We see nothing here that is prejudicial. Dr. O'Donnell seems to have had no difficulty in telling the results of his examination. Contradictory statements by Mrs. Moler were already in evidence and the information sought to be elicited from Dr. O'Donnell concerning her memory was provided by her deposition of 2 August 1967.

The next assignment of error arises out of the refusal of the trial judge to permit appellants' office manager to testify as to what was done each time it snowed. We see no error here since she was allowed to tell what was done on the day of the accident.

The final, and of course the principal contention is that the verdict was "grossly excessive." Ordinarily the question whether the verdict is excessive is not a matter for review by this Court. *Rephann v. Armstrong,* 217 Md. 90, 93 (1958) ; *Safeway Stores, Inc. v. Barrack,* 210 Md. 168, 173 (1956). Even so, Mrs. Moler's injuries were severe; she is said to have a "chronic brain syndrome" with symptoms suggesting loss of memory; there is evidence of substantial pain and suffering; probably she will require further surgery and her partial disability is permanent. In the circumstances, we could not say the verdict was excessive even if its review was required of us.

*Judgment affirmed.*
*Costs to be paid by appellants.*