GRABNER *v.* BATTLE, ET AL. t/a William
A. Harting & Son

[No. 165, September Term, 1969.]

*Decided January 16, 1970.*

The cause was argued before HAMMOND, C. J., and MC-WILLIAMS, FINAN, SINGLEY and DIGGES, JJ.

*Richard A. Reid,* with whom were *H. Edward Vincent* and *Royston, Mueller, Thomas & McLean* on the brief, for appellant.

*Emanuel H. Horn,* with whom were *Delverne A. Dressel* and *Dickerson, Nice, Sokol & Horn* on the brief, for appellees.

FINAN, J., delivered the opinion of the Court.

This case is before us on appeal from a judgment of the Circuit Court for Baltimore County. The plaintiff-appellant contends that the trial judge erred in not granting her motion for a new trial on the grounds that the jury had ignored the court's instructions regarding damages for personal injuries.

On December 17, 1965, appellant while driving her automobile was involved in a collision with a truck driven by an employee of appellee, Edward Battle. On April 30, 1968, appellant filed suit for personal injuries and pain and suffering, alleging that the accident had occurred through the negligence of appellee's employee. At the trial, testimony was introduced to show the appellant had struck her nose on the steering wheel and had been removed to a hospital in an ambulance. There was medical testimony to show that because of the injury, appellant was required to undergo a complete nasal reconstruction and a submucous resection. Other evidence revealed that appellant had suffered a similar injury on October 6, 1968, which necessitated a similar operation. The trial judge instructed the jury that they were to only award damages for injuries and pain and suffering caused by the first accident.

The jury returned a verdict in appellant's favor for $70.00. The appellant felt this sum was inadequate and filed the motion for a new trial on February 19, 1969. The

lower court denied the motion after a full hearing with this comment:

> "The above entitled case came on for hearing on March 17, 1969, on the Plaintiff's Motion for New Trial filed February 19, 1969. Counsel for the respective parties were present and arguments of counsel were heard.
>
> The main basis alleged in support of the Motion for New Trial is that the damages awarded the Plaintiff, Hedwig M. Grabner, individually, under the first count of the Declaration were grossly inadequate. The Court is of the opinion that a determination as to the award of damages in the personal injury case is within the province of the Jury to decide as a matter of fact. The Jury is the sole Judge of the facts in such a case, and the Court cannot substitute its judgment for the finding of the Jury of the facts."

From this decision this appeal followed.

The appellant's argument advances on two fronts both of which involve count one of the declaration covering personal injuries and property damage. First, she contends that the jury ignored the court's instruction concerning the assessment of damages for pain and suffering and injuries sustained by her and considered only the element of property damage. Second, appellant contends that on the motion for a new trial, the lower court did not review the verdict of the jury and, furthermore, that the court was of the opinion that it did not have the authority to do so. We find no substance to either of these contentions.

First, it is a gratuitous assumption on the part of the appellant to baldly assert that the jury did not consider the question of damages arising from personal injuries and pain and suffering. This assumption is undoubtedly predicated on the fact that the verdict of the jury amounted to $70.00, the stipulated amount of property damage. However, there is nothing in the record which

would confirm that the jury did not consider the question of personal injury and pain and suffering. They might well have directed their attention to the elements of personal injury and pain and suffering and found them inconsequential.

The jury was expressly instructed not to consider the effects of the second accident sustained by the appellant; however, one must note that there was a second accident which involved similar injuries to her person and which occurred between the time of the first accident on which suit was brought and the time of the trial.

It is to be noted that the jury apparently experienced no difficulty in following the court's instructions regarding count numbers two and three as they rendered a verdict on count two for $793.20 covering the medical bills, and a verdict in the amount of $250.00 on count three for loss of consortium. The court could hardly speculate that the jury chose to ignore its instructions regarding count one, especially in view of the following query which the jury addressed to the court during its deliberations: "Can the defendant be found guilty of negligence and yet no compensation be awarded, on any of the three counts, to the plaintiff?" In response to this inquiry the court presented this supplemental charge: "As I further instructed you, if (sic) you are only to grant such damages which you find for any injury which you determine was directly attributable to the accident of December 17, 1965, and any losses which directly resulted therefrom."

The appellant's second argument is predicated on the deduction she would make from the language contained in the memorandum of the trial judge denying her motion for a new trial. She would have us construe the memorandum as meaning that the court did not review the verdict of the jury and, furthermore, that it was the trial judge's conception that the court had no authority to do so. We do not so interpret the language of the memorandum. We think what the learned judge stated, although it could have been more clearly expressed, is rec-

oncilable with the proposition that the granting of a new trial rests in the sound discretion of the trial court. Upon analyzing the wording of the memorandum we find it in substance states the oft repeated hornbook-law that the finding of facts and the assessment of damages is peculiarly within the province of the jury. As our predecessors stated many years ago:

> "* * * By the immemorial practice of the Maryland Courts the jury has an unqualified right to form its judgment on the facts which the Court determines to be legally sufficient without any interference or control on the part of the Judge. After the verdict is rendered, the Judge who tried the case may set it aside and grant a new trial in his discretion, if justice so requires. * * *" *B. & O. R.R. Co. v. Brydon*, 65 Md. 198, 222, 3 A. 306, 310, 9 A. 126 (1886).

*Brydon* was cited with approval by Judge Hammond, now Chief Judge, in *Leizear v. Butler*, 226 Md. 171, 172 A. 2d 518 (1961), in which case the Court discussed at length the question of the propriety of a new trial in cases wherein the jury brings in a verdict for special damages but gives nothing for pain and suffering. In *Leizear* the Court stated:

> "The circumstances in the case before us are similar in various respects to those in the cases which have refused to disturb a jury verdict for special damages only without allowance for pain and suffering, but whatever may be the rule elsewhere, we find it firmly established in Maryland that whether the claim be of excessiveness or inadequacy the action of the trial court in allowing or refusing a new trial will rarely, if ever, be reviewed on appeal." *Id.* at 178.

See also *Hill v. Coleman*, 218 Md. 1, 2, 144 A. 2d 694 (1958); cf. *State v. Gray*, 227 Md. 318, 176 A. 2d 867

(1962) ; *Trombero v. McWilliams,* 221 Md. 399, 157 A. 2d 801 (1960).

We are not here confronted with a situation where the court literally refused to consider the motion for a new trial, such as existed in *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243, 251, 118 A. 648 (1922). There, the motion for a new trial was submitted on the basis of newly discovered evidence and the court refused to receive the depositions filed in support of the motion. On appeal this Court found such pre-emptory dismissal of the motion constituted abuse of the court's discretion. In the case at bar, by contrast, and contrary to the contention of the appellant, the trial court did review the verdict as must be deduced from the fact that full argument of counsel was heard in support of the motion for a new trial, the subject of which was the alleged failure of the jury to follow the instruction of the court concerning count one. To contend that the court could have heard argument regarding the jury's failure to award damages for personal injuries and pain and suffering and say that it did not review the verdict, is farcical.

The Court is of the opinion that there was a knowledgeable exercise by the trial judge of his discretionary powers and that he did not abuse his sound discretion in denying the appellant's motion for a new trial. *Perlin Packing Co. v. Price,* 247 Md. 475, 491, 231 A. 2d 702 (1967) ; *Trombero v. McWilliams, supra; Leizear v. Butler, supra.*

*Judgment affirmed, appellant to pay costs.*