## KIRKPATRICK *v.* ZIMMERMAN

[No. 242, September Term, 1969.]

*Decided March 5, 1970.*

216

The cause was argued before HAMMOND, C. J., and
BARNES, FINAN, SINGLEY and DIGGES, JJ.

*David S. Greene,* with whom were *Solomon L. Margolis* and *Kamerow & Kamerow* on the brief, for appellant.

Submitted on brief by *Barker & Savits* for appellee.

FINAN, J., delivered the opinion of the Court.

Once again we have an appellant, plaintiff below, who, being disgruntled with what he feels to be an inadequate award by the jury in the amount of $2,500 in an action for personal injuries, appeals from the judgment of the lower court. The appellant contends that the court erred in not granting his motion for a new trial on the question of damages only or in the alternative a new trial.

In the instant case there is no doubt that the personal injuries were severe, that the plaintiff endured much pain and suffering, that there was some evidence of permanent injury and that the medical services rendered at a United States Army Hospital were valued at approximately $3,100.

There was no error committed by the lower court either in its rulings on the admissibility of evidence or in its instructions to the jury and no exceptions were noted by the plaintiff. The contention of the plaintiff is that the jury did not follow the instructions of the trial judge and therefore the lower court abused its discretion in not granting his motion for a new trial.

What prompted the jury to give an award in the amount that it did might have been one, or several, of many possible reasons. Perhaps the fact that the plaintiff was not given a medical discharge from the army at the termination of his military service, or that he was engaged in

construction work at the time of the trial, or the fact that his medical treatment was supplied by an army hospital, might have had something to do with it. The hard fact is that after having heard all of the evidence and upon receipt of proper instructions from the court, the jury made its findings. It was within the sound discretion of the lower court to determine whether a new trial was justified. In the exercise of that discretion it ruled that it was not, and we have no intention of disturbing that decision.

Forty-nine years ago in *Chiswell v. Nichols,* 139 Md. 442, 115 A. 790 (1921) this Court complained of the persistency of some attorneys in endeavoring under one guise or another to take an appeal from the denial of a motion for a new trial, the Court stating:

> "* * * A number of efforts have been made from time to time to have this Court entertain such appeals, sometimes by seeking to have us regard the applications as something other than a mere motion for a new trial, but when the appeal was from the action of the lower court on such a motion, or what was equivalent to one, this Court has consistently refused to entertain it. The rule has been so often announced that it may be regarded as useless to refer to any decisions except those found in 2 *Poe, supra* * * *.*" [2 *Poe's Pleading and Practice,* § 349] *Id.* at 443, 444.

In the intervening years since *Chiswell* and despite what the Court said in that case there have been appeals too numerous to cite from a denial of the motion for a new trial and to our knowledge there has been only one occasion upon which this Court remanded the case for a new trial and that was *Wash., B. & A. R. Co. v. Kimmey,* 141 Md. 243, 251, 118 A. 648 (1922). In that case a motion for a new trial was submitted on the basis of newly discovered evidence and the trial court refused to receive the depositions filed in support of the motion. On

218

appeal this Court found such peremptory dismissal of the motion constituted abuse of the court's discretion. There is nothing similar present in the instant case.

We know of no case where this Court has ever disturbed the exercise of the lower court's discretion in denying a motion for a new trial because of the inadequacy or excessiveness of damages. See *Grabner v. Battle*, 256 Md. 514, 260 A. 2d 634 (1970); *Abraham v. Moler*, 253 Md. 215, 252 A. 2d 68 (1969); *Perlin Packing Co. v. Price*, 247 Md. 475, 491, 231 A. 2d 702 (1967); *Johnson v. Zerivitz*, 234 Md. 113, 118, 198 A. 2d 254 (1964); *State v. Gray*, 227 Md. 318, 323, 324, 176 A. 2d 867 (1962); *Leizear v. Butler*, 226 Md. 171, 178, 172 A. 2d 518 (1961); *Rephann v. Armstrong*, 217 Md. 90, 92, 141 A. 2d 525 (1958); *Hill v. Coleman*, 218 Md. 1, 2, 144 A. 2d 694 (1958); *Kennedy v. Crouch*, 191 Md. 580, 591, 62 A. 2d 582 (1948); *Riley v. Naylor*, 179 Md. 1, 9, 16 A. 2d 857 (1940); *Von Schlegell, Inc. v. Ford*, 167 Md. 584, 593, 175 A. 589 (1934); *White v. Parks*, 154 Md. 195, 203, 140 A. 70 (1928); *Chiswell v. Nichols, supra*, (1921); *Baltimore & Ohio R. R. Co. v. Brydon*, 65 Md. 198, 222, 611, 3 Atl. 306 (1886), to cite but a few.

*Judgment affirmed, appellant to pay costs.*