CARLILE, Infant ETC. ET AL. *v.* TWO GUYS FROM HARRISON, GLEN BURNIE, INC.

[No. 185, September Term, 1971.]

*Decided February 14, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, SINGLEY, SMITH and DIGGES, JJ.

*Joseph F. Lentz, Jr.,* with whom were *Monfred, Lentz & Hooper* on the brief, for appellants.

*Edward C. Mackie,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

Nearly nine years ago, on September 13, 1963, one of the appellants, William Carlile Jr., then about two years old, was injured in a collision with some shopping carts while accompanying his mother and other relatives to appellee's variety store, Two Guys from Harrison, Glen Burnie, Inc. Both parties agree that the accident occurred with at least minimal injury being done young William but there is serious divergence as to the cause of the crash as well as the extent and seriousness of the injuries the infant appellant received.

In support of William's version, his mother, Madeline Carlile, testified that when she and her son entered the store, located on Belair Road in Baltimore, she obtained the customary push cart to aid her in shopping. Her child was at her side since she was preparing to lift him into the cart and begin marketing, when suddenly he was hit by a row of eight to fifteen shopping carts attended by George Clary, a store employee. Clary was apparently gathering used carts and returning them to the spot where customers normally picked them up. The infant's mother claims that Clary, while on this mission, either ran into her son with the carts or pushed and released the carts causing them to collide with the boy. In either event appellants claim that as a result of Clary's negligence William was injured. Mrs. Carlile, after applying ice to her son's injured head to lessen swelling, filed an accident report with the appropriate store official.

Appellee, through its servant Clary, presents a contrasting view of what happened. This witness testified that he had gathered several carts from outside the store, brought them through the automatic doors to the inside and then proceeded down one of the aisles until he was forced to stop because customers were blocking the way ahead. About this time, with Clary still waiting, young William, who was playing with some other children, ran up a cross aisle and turned into where the carts were idly standing and smashed into them.

William and his father brought this suit for damages against appellee in the Baltimore City Court, claiming that the child's head injury "triggered off" a predisposition to the convulsive epileptic seizures which later developed. This appeal follows three jury trials in that court. At the first proceeding the jury returned a $53,000 verdict in favor of the Carliles but a motion for a new trial was granted when Judge Jones concluded that she had erroneously admitted certain evidence relating to William's injury in the accident. The trial judge declined appellants' request that the new trial be restricted solely to a consideration of damages, so as to allow the jury's verdict, establishing liability, to stand. Subsequently, at the second trial a jury found in favor of the appellee and this time Judge Harris, who presided, also granted a new trial because he concluded "the verdict was against the overwhelming weight of the evidence as to liability." At the ensuing third trial a jury again found in favor of the variety store. Judge Thomas, who presided on this occasion, overruled appellants' motion for a new trial and ordered final judgment entered in favor of the appellee, after determining that the trial had been fairly conducted and free of any substantial error. We agree and will affirm that judgment.

Three of appellants' arguments can be condensed into the contention that error was committed when: i. Judge Jones granted a new trial; ii. Judge Jones failed to restrict the new trial solely to damages; and iii. Judge Thomas declined to grant a new trial. However, any hope for success on these claimed instances of error is misguided. There is probably no principle of law that rests on more decisions of this Court than the concept that a trial judge's granting or refusing a new trial—fully, partially, conditionally, or otherwise—is not reviewable on appeal except under the most extraordinary or compelling circumstances. This is true even though the trial judge's decision is based on mistake or erroneous conclusions of law or fact. Our adherence to this rule is unwavering and we do not find any extraordinary or

compelling circumstances in the present case which would permit a review. In fact, this Court, in its long history, has never found such circumstances to exist. A very few of the many cases that can be cited in support of this holding are: *Kirkpatrick v. Zimmerman,* 257 Md. 215, 262 A. 2d 531 (1970) ; *Grabner v. Battle,* 256 Md. 514, 260 A. 2d 634 (1970) ; *State, Use of Shipley v. Walker,* 230 Md. 133, 137, 186 A. 2d 472 (1962) ; *Turner v. Wash. Sanitary Comm.,* 221 Md. 494, 504, 158 A. 2d 125 (1960) ; *Snyder v. Cearfoss,* 186 Md. 360, 367, 46 A. 2d 607 (1946) ; *State v. Balto. Transit Co.,* 177 Md. 451, 9 A. 2d 753 (1939) ; *Hartlove v. Bottling Co.,* 160 Md. 507, 153 A. 850 (1931) ; *Criswell v. Nichols,* 139 Md. 442, 115 A. 790 (1921) ; and cases cited in each. The only exceptions to this statement (if they can be termed exceptions) are: when the action of the trial court was in effect a refusal to even entertain or consider a motion for a new trial, *Wash. B. & A. R. Co. v. Kimmey,* 141 Md. 243, 250, 118 A. 648 (1922) ; or when the trial court, in dealing with such a motion, exceeded its jurisdiction, *Brawner v. Hooper,* 151 Md. 579, 135 A. 420 (1926).

The Carliles next argue that the trial court's instruction to the jury, though an accurate statement of the law, merely defined negligence generally but failed to discuss the specific duties and allegations of the respective parties. In support of this argument appellants utilize the language of *State, Use of Taylor v. Barlly,* 216 Md. 94, 100, 140 A. 2d 173 (1958), where the Court said:

> "We are unable to conclude that the subject of primary negligence was fully and comprehensively covered in the charge, under the circumstances of this case; and we believe this failure resulted in prejudice to the appellants."

However, reliance on this statement is misplaced for we were faced in that case with a complex factual situation involving several issues. The defendant there was operating a motor vehicle and struck a young child, killing him. The jury was not told of the duties owed by a

driver, having an unobstructed view, to a child in the street between intersections, which to some extent is different from the responsibility owed an adult in the same circumstances. Instead the trial judge's statements were very broad and we concluded that this amounted to a failure ". . . to instruct [the jury], except in very general terms which probably were not fully understood, that they were at liberty to find negligence on the defendant's part . . . ." In contrast to *Taylor,* the issue before the jury in the present case was not complex and though appellants complain that their requested instructions should have been read to the jury, the trial court's remarks adequately explained the issue. All that was involved here factually was whether the child ran into the unmoving carts or if the carts were pushed into the unmoving child. In this situation Judge Thomas instructed the jury as follows:

> "Now, negligence is defined as the failure to use ordinary care, that is, in doing something which an ordinary careful person would not do or failing to do something which such a person would do under circumstances which are the same or similar to those shown in this case. By ordinary care I mean that caution or attention, activity and skill which are habitually employed by or may reasonably be expected from persons in the situation of the respective parties under all the circumstances surrounding them. It is for you to decide how an ordinary careful person would act under the circumstances."

Recently, in *Crockett v. Crothers,* 264 Md. 222, 285 A. 2d 612 (1972), we considered a problem involving a general instruction similar to the one here. On that occasion, Chief Judge Hammond, speaking for the Court, said: "The issue before the jury was simple and uncomplicated and the instructions fairly and adequately covered it." Since there is a factual dispute in the case now before us, this was properly a matter for the jury to de-

termine and not the subject of a directed verdict. We find no merit in the claim that the instructions were insufficient.

The Carliles' final contention is that the trial court erred when it allowed, over objection, certain testimony on cross examination, of Dr. Ruth Baldwin, appellants' own witness. This claim is premised on the assumption that the jury was prejudiced when Dr. Baldwin stated that the Johns Hopkins Hospital records did not indicate a connection between William's accident and his later epileptic condition. However, we need not discuss the propriety of permitting this testimony because of the jury's verdict in light of the trial judge's instruction. Judge Thomas, after telling the jury that as a matter of law the infant was not contributorily negligent, said:

> "The Court instructs the jury that George Clary was an employee of the defendant. If you find that George Clary was *negligent*, you *must* find a verdict in favor of the plaintiffs against the defendant . . . ." (Emphasis added.)

This statement, which was not objected to and in fact was favorable to appellants, compelled a verdict for the Carliles if Clary was found to be negligent. Since minimal injury to William was conceded by both parties, Dr. Baldwin's testimony could only affect the jury's determination of damages once it found appellee to be negligent. The testimony in no way affected the issue of whether Clary acted negligently. It necessarily follows that the verdict in favor of appellee was a finding that Clary did not act in a negligent manner and therefore appellants were not prejudiced by this ruling regardless of its correctness.

Since we find no reversible error committed by the trial court the judgment will be affirmed.

*Judgment affirmed. Costs to be paid by appellants.*