612 A.2d 1294

**Kenneth J. BUCK**

v.

**CAM'S BROADLOOM RUGS, INC.**

No. 98, Sept. Term, 1991.

Court of Appeals of Maryland.

Oct. 5, 1992.

Motion for Reconsideration Denied Nov. 6, 1992.

52

Harry W. Blondell (Edward T. Pinder, William J. Blondell, Jr., Chartered, all on brief), Baltimore, for petitioner.

William N. White, Towson, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

McAULIFFE, Judge.

Kenneth J. Buck (Buck) and his wife sued Cam's Broadloom Rugs, Inc. (CBR) for injuries and damages arising out of an automobile accident allegedly caused by the negligence of CBR's driver. A jury in the Circuit Court for Baltimore County found in favor of Buck and awarded damages of $3,868. The jury did not award damages for the claimed loss of consortium. The plaintiffs filed a timely motion for new trial on the issue of damages, contending that the verdict was unjust. Specifically, the plaintiffs contended that the award of damages was grossly inadequate, and that the verdict more than likely was the product of a series of improper questions, comments, and arguments of the defendant's attorney during trial. Judge Joseph F. Murphy Jr. granted the motion as to Buck's claim

for damages, but refused to disturb the jury's finding in favor of the defendant on the consortium claim.

The defendant appealed from the order granting a new trial. The Court of Special Appeals properly dismissed that appeal because it was not taken from a final judgment, and this Court denied the defendant's petition for certiorari. *Cam's Broadloom Rugs v. Buck*, 314 Md. 628, 552 A.2d 894 (1989).

Upon retrial, the jury awarded damages of $87,000 to Buck. The defendant again appealed, raising numerous issues concerning the conduct of both trials, and asserting that the trial judge abused his discretion in granting a new trial. The Court of Special Appeals found it necessary to address only the issue of the grant of a new trial because that Court agreed with the defendant that Judge Murphy abused his discretion in awarding a new trial. *Cam's Rugs v. Buck*, 87 Md.App. 561, 590 A.2d 1060 (1991). We granted certiorari, and we shall vacate the judgment of the Court of Special Appeals.

## I.

Buck begins his argument by suggesting that the Court of Special Appeals may have been in error in even considering an appeal from the action of the trial judge in granting a new trial. He cites *Chiswell v. Nichols*, 139 Md. 442, 444, 115 A. 790 (1921), for the proposition that an appellate court in this jurisdiction should "refuse[ ] to entertain" an appeal from a lower court's grant or denial of a motion for new trial. There is support for this proposition in the language of a substantial number of the earlier cases of this Court.

In *Anderson v. State*, 5 H. & J. 174, 175 (1821), our predecessors said:

[W]e are decidedly of opinion, that the refusal of an inferior Court to grant a new trial cannot be assigned for error. *The Marine Insurance Company v. Hodgson*, 6 *Cranch*, 218. The law has been considered as settled in

this country beyond all controversy; and no case can be found in England where a superior tribunal, acting on the transcript of the record, or the record itself, brought before them by a writ of error, has entertained such a question.

*See also Griffith v. Benzinger,* 144 Md. 575, 597, 125 A. 512 (1924) ("the action of a trial court in granting or refusing a new trial is within the discretion of such court and will not be reviewed on appeal"); *Washington & R. Rwy. Co. v. Sullivan,* 136 Md. 202, 211, 110 A. 478 (1920) ("granting or refusing a new trial is a matter resting in the discretion of a trial Court, and its action thereupon is not the subject matter of review upon appeal to this Court"); *Whitcomb v. Mason,* 102 Md. 275, 285, 62 A. 749 (1905) ("It is well settled that no appeal will lie from an order granting or refusing a new trial the motion for which is always addressed to the sound discretion of the Court."); *Sittig v. Birkestack,* 38 Md. 158, 166 (1873) ("No appeal lies from the refusal to grant a new trial, that being a matter which in Maryland, rests exclusively in the discretion of the court below."); *Baltimore v. Reynolds,* 18 Md. 270, 273 (1862) (granting of new trial unless remitted or filed is an action within the discretion of the lower court, and cannot be reviewed on appeal); *Wall v. Wall,* 2 H. & G. 79, 81 (1827) ("where the subject decided by the inferior Court is left by law to their discretion, as in the refusal to grant a new trial, it has been adjudged that a writ of error will not lie").

Thus, in 1925 in 2 Poe, *Pleading and Practice* § 349 (Tiffany's ed.), the learned author wrote:

Motions for a new trial are addressed to the sound discretion of the court, and from its action in granting or refusing them, whether absolutely or on terms, no appeal will lie.

That statement of the law, with rare exceptions, was repeated in succeeding Maryland cases. *See, e.g., Hartlove v. Bottling Co.,* 160 Md. 507, 509–510, 153 A. 850 (1931); *Von Schlegell v. Ford,* 167 Md. 584, 593–94, 175 A. 589 (1934); *Lynch v. Baltimore,* 169 Md. 623, 633–34, 182 A. 582 (1936);

*Riley v. Naylor*, 179 Md. 1, 9, 16 A.2d 857 (1940); *Snyder v. Cearfoss*, 186 Md. 360, 366–69, 46 A.2d 607 (1946); *Hill v. Coleman*, 218 Md. 1, 2, 144 A.2d 694 (1958).

In *Leizear v. Butler*, 226 Md. 171, 178, 172 A.2d 518 (1961), the rule was stated with a qualification: "[W]e find it firmly established in Maryland that whether the claim be of excessiveness or inadequacy the action of the trial court in allowing or refusing a new trial will rarely, if ever, be reviewed on appeal." Shortly thereafter, in *Brinand v. Denzik*, 226 Md. 287, 292, 173 A.2d 203 (1961), this Court referred to "the general rule that a motion for a new trial is within the sound discretion of the trial court and its ruling is ordinarily not reviewable on appeal." The Court noted that in *Wash., B. & A. R. Co. v. Kimmey*, 141 Md. 243, 118 A. 648 (1922), the denial of a motion for a new trial was reversed and the case remanded for further consideration where the record indicated the trial judge had improperly refused to receive newly discovered evidence that should have been considered in connection with the motion. Holding that the failure to exercise discretion is tantamount to an abuse of discretion, the *Brinand* Court proceeded to consider whether the trial judge had abused his discretion, and found he had not. Similarly, in *Martin v. Rossignol*, 226 Md. 363, 366–67, 174 A.2d 149 (1961), this Court noted that "the denial of a motion for a new trial is not appealable, at least where the trial court fairly exercises its discretion."

The rule was then stated in its narrower form in *Carlile v. Two Guys*, 264 Md. 475, 477, 287 A.2d 31 (1972): "a trial judge's granting or refusing a new trial—fully, partially, conditionally, or otherwise—is not reviewable on appeal except under the most extraordinary or compelling circumstances". *See also A.S. Abell Co. v. Skeen*, 265 Md. 53, 59, 288 A.2d 596 (1972) (same) and *Estep v. Estep*, 285 Md. 416, 421 n. 5, 404 A.2d 1040 (1979) ("general rule [is] that orders granting a new trial are not appealable").

In *Wernsing v. General Motors Corp.*, 298 Md. 406, 420, 470 A.2d 802 (1984), we said that an appeal will lie from the

grant or denial of a motion for a new trial, but that the judgment of the trial court will not be disturbed except for an abuse of discretion. Notwithstanding the sometimes confusing use of language in the past, we make it clear that the correct statement of the law in this area was set forth by Judge Davidson for the Court in *Mack v. State*, 300 Md. 583, 600, 479 A.2d 1344 (1984):

> The question whether to grant a new trial is within the discretion of the trial court. Ordinarily, a trial court's order denying a motion for a new trial will be reviewed on appeal if it is claimed that the trial court abused its discretion. However, an appellate court does not generally disturb the exercise of a trial court's discretion in denying a motion for a new trial. (Citations omitted.)

Although, as the defendant learned earlier in this case, an order granting a new trial is not immediately appealable because it is an interlocutory order, an order granting a new trial is ultimately reviewable when an appeal is taken from the final judgment. Thus, the issue of whether Judge Murphy erred in granting a new trial is now properly before the Court, for review under an abuse of discretion standard.

## II.

We turn to the question of whether Judge Murphy abused his discretion in granting Buck a new trial. In so doing, we are obliged to consider the breadth of discretion that is afforded a trial judge in making this type of decision. As we have seen in tracing the history of our treatment of this issue, the emphasis has consistently been upon granting the broadest range of discretion to trial judges whenever the decision has necessarily depended upon the judge's evaluation of the character of the testimony and of the trial when the judge is considering the core question of whether justice has been done. We noted, for example, that "[w]e know of no case where this Court has ever disturbed the exercise of the lower court's discretion in denying a motion for a new trial because of the inadequacy or excessiveness

of damages." *Kirkpatrick v. Zimmerman,* 257 Md. 215, 218, 262 A.2d 531 (1970).

On the other hand, a trial judge has virtually no "discretion" to refuse to consider newly discovered evidence that bears directly on the question of whether a new trial should be granted. *See Wash., B. & A. R. Co. v. Kimmey, supra,* 141 Md. at 250, 118 A. 648 ("discretion could not be characterized as sound which wholly disregarded evidence by which its exercise should have been aided"). *See also Browne v. Browne,* 22 Md. 103, 112 (1864). And, if newly discovered evidence clearly indicates that the jury has been misled, a new trial should be granted.

> It would be plainly unjust to permit a verdict to stand, as against an application for a new trial seasonably made, if credible evidence, competent to be considered, and not previously discoverable by due diligence, supported the conclusion that the jury were misled as to the principal part of their award.

*Wash., B. & A. R. Co. v. Kimmey, supra,* 141 Md. at 250, 118 A. 648. *See also Angell v. Just,* 22 Md.App. 43, 53, 321 A.2d 830 (1974) (trial judge abused discretion in denying motion for new trial when newly discovered evidence was of sufficient significance to make it probable that a different result would be reached at a new trial). Similarly, where competent extrinsic evidence discloses that a jury's consideration of the case was seriously distorted by information that should not have been before the jury, a trial judge may have little or no "discretion" to deny a new trial. *See Wernsing v. General Motors Corp., supra,* 298 Md. at 420, 470 A.2d 802 (in complicated product liability case where evidence disclosed jury had improperly referred to and relied upon dictionary definition of "legal cause" that was at variance with appropriate definition of "proximate cause," trial judge abused discretion in denying new trial).

Accordingly, it may be said that the breadth of a trial judge's discretion to grant or deny a new trial is not fixed and immutable; rather, it will expand or contract

depending upon the nature of the factors being considered, and the extent to which the exercise of that discretion depends upon the opportunity the trial judge had to feel the pulse of the trial and to rely on his own impressions in determining questions of fairness and justice.

In the case before us, the range of discretion of the trial judge was necessarily at its broadest. The motion for a new trial did not deal with the admissibility or quality of newly discovered evidence, nor with technical matters. Instead, it asked the trial judge to draw upon his own view of the weight of the evidence; the effect of an accumulation of alleged errors or improprieties by defense counsel, no one of which may have been serious enough to provoke a request for, or justify the granting of, a mistrial; and the allegedly inadequate verdict, in determining whether justice would be served by granting a new trial. Under circumstances such as this, the power to grant a new trial is "an equitable one in its nature." *Waters v. Waters*, 26 Md. 53, 73 (1866). Because the exercise of discretion under these circumstances depends so heavily upon the unique opportunity the trial judge has to closely observe the entire trial, complete with nuances, inflections, and impressions never to be gained from a cold record, it is a discretion that will rarely, if ever, be disturbed on appeal. It is that concept which led this Court in the past to state, albeit too broadly in the context of *all* motions for new trial, that such a decision is effectively unreviewable.

The Superior Court of Pennsylvania, recognizing the breadth, importance, and underlying policy concerns supporting a trial judge's authority to grant a new trial, and at the same time recognizing the necessity for restraint in the exercise of that power, made these salient observations:

[A] jury's verdict should not be casually overturned. In our system of justice, the jury is sacrosanct and its importance is unquestioned. The members of a jury see and hear the witnesses as they testify. They watch them as they sweat, stutter, or swagger under the pressure of cross-examination. This enables the jury to develop a

feel for the case and its personal dynamics which cannot be conveyed by the cold printed page of a record reproduced for appellate review. But, the trust our system places in the jury's wisdom is not unchecked. The rules of evidence have been arduously developed over hundreds of years in order to provide such a check. These rules prevent jurors from considering facts which might inflame their prejudices but which are irrelevant to the actual case before them. A skillful and zealous advocate is often able to sidestep the technical letter of the rules and enter some evidence which should have been excluded. When such maneuvering threatens the overall fairness of the proceeding, the trial judge should order a new trial. We must afford the judge great discretion in making this decision because he too is present in the courtroom as the evidence is presented. As does the jury, he develops a feel for the human pulse of the case. In short, our seemingly simple decision to uphold the grant of a new trial is actually the end result of a highly complex process involving the interaction of judge, jury, and attorneys. This process has developed over centuries and its complicated dynamics belie its surface simplicity. However, the greatest tribute to its success is probably the extent to which we take it for granted as the ultimate guarantor of justice.

*Boscia v. Massaro*, 365 Pa.Super. 271, 529 A.2d 504, 508 (1987).

■ The gist of Buck's motion in this case was that the verdict, insofar as it related to damages, was against the weight of the evidence. That a jury verdict is against the weight of the evidence is historically a proper ground for the grant of a new trial. Unlike a complaint that the verdict is against the evidence, which engages a clinical analysis of the legal sufficiency of the evidence—a task which an appellate court as well as a trial court may accomplish—a claim that the verdict is against the weight of the evidence requires assessment of credibility and assignment of weight to evidence—a task for the trial judge.

We refuse, therefore, to substitute our judgment for that of the trial judge in this case.

## III.

The defendant offers one further argument in support of its claim that a new trial should not have been granted. It suggests that because Buck did not object to some of the very arguments made by defendant's counsel which Buck now urges may have led the jury to return the verdict it did, and Buck never requested a mistrial on those occasions when he did object, he may not now support his motion with reference to those alleged errors. As the Court of Special Appeals recognized, this argument is without merit.

> Trial courts in Maryland are empowered with a discretion to grant a new trial as a safety valve to prevent a miscarriage of justice due to an improper verdict. Consequently, the trial court may grant a new trial for any reason that will support its determination that a party was denied a fair trial, and there is nothing in Md. Rule 2–533 which precludes a judge from granting a new trial on the basis of an issue that could have been, but was not, raised during trial. Moreover, an abuse of argument has been recognized as one of a list of grounds which will support the grant of a new trial.

*Cam's Rugs v. Buck, supra,* 87 Md.App. at 575–76, 590 A.2d 1060 (citations omitted).

The defendant is correct in arguing that ordinarily a party will not be permitted to raise on appeal an error to which he has not interposed a seasonable objection at trial. Accordingly if Judge Murphy had denied Buck's motion in this case, Buck would not have been permitted to argue those matters on appeal. There is no opportunity, however, to spread upon the record a complaint that the verdict is against the weight of the evidence until that verdict has been returned. Then, as was done here, the suggestion is properly made by means of a motion for a new trial.

■ We agree with the intermediate appellate court that the failure of the moving party to object to an alleged error or impropriety at trial is a significant factor to be considered by the trial judge when that error is later argued in support of a motion for new trial. A motion for new trial should not be an opportunity to "sandbag" an opponent, nor ordinarily to correct oversights that might have been remedied at trial if seasonably noted.

■ In the instant case, however, the argument was that the damage verdict was against the weight of the evidence. That, as we have pointed out, is a ground entirely sufficient to support the grant of a new trial. Here, Buck sought to bolster his argument by pointing to specific actions by defense counsel during trial and in final argument that could have been the cause of the verdict being against the weight of the evidence. To some of this conduct Buck lodged objections, and some of the objections were sustained. In other instances, Buck did not object. Buck argued that the pattern of conduct, rather than an isolated instance of misconduct, contributed to an unjust verdict. The trial judge found the damage award "unreasonably low," i.e., in his opinion, against the weight of the evidence. Moreover, he expressed the opinion that improper remarks of defendant's counsel in closing argument prejudiced Buck, and contributed to the inadequate award of damages. We see no reason why the trial judge should not have considered the possible cause of a verdict which he found to be against the weight of the evidence, even though plaintiff's counsel had not objected to all of the arguments to which the judge later referred.

We conclude that the Court of Special Appeals erred in holding that the trial judge abused his discretion in awarding a new trial. We vacate the judgment of the Court of Special Appeals and remand the case to that Court for consideration of the additional issues raised by the defendant.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED; CASE REMANDED TO THAT COURT FOR FURTHER CONSIDERATION OF THE APPEAL; COSTS IN THIS COURT TO BE PAID BY RESPONDENT; COSTS IN THE COURT OF SPECIAL APPEALS TO BE DETERMINED BY THAT COURT.*