579 A.2d 762

**Brenda S. MORRIS, Individually, etc.**

v.

**William H. WEDDINGTON, Jr., et al.**

No. 53, Sept. Term, 1988.

Court of Appeals of Maryland.

Sept. 26, 1990.

Harvey S. Wasserman (Joel L. Katz, P.A., both on brief), Annapolis, for petitioner.

William J. Rowan, III (Rowan, Abell & Quirk, both on brief), Rockville, for respondents.

Argued before MURPHY, C.J., ELDRIDGE, COLE, RODOWSKY, ADKINS *, BLACKWELL **, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (Retired, Specially Assigned).

COLE, Judge.

In this case we are asked to determine whether a witness's inadvertent statement that the defendant in a personal injury case did not have automobile insurance coverage is sufficient grounds for a mistrial and whether the trial court later acted within its discretion in denying a motion for a new trial.

The facts which gave rise to this controversy are neither complicated nor in dispute. What occurred at trial is somewhat complicated, however, and a proper understanding of those events is essential to the resolution of the issues. Therefore, the pertinent portions of the trial will be set forth in some detail.

Keith Morris, a child of three, was injured when he was struck by a van driven by Respondent, William H. Weddington, Jr. Keith sustained a fracture of his left leg which required surgery and subsequent treatment including a total of twelve weeks in a cast. Keith's mother, Petitioner Brenda Morris, brought suit in the Circuit Court for Prince George's County individually and as mother and next friend of Keith for the injuries sustained by Keith and expenses

---

* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

** Blackwell, J., now retired, participated in the hearing and conference of this case. while an active member of this Court; but did not participate in the decision and adoption of this opinion.

incurred by her on his behalf.[1]

At trial, Petitioner's primary witness, Anthony Schaefer, was cross-examined regarding his relationship with Weddington. The following exchange took place:

Q. You testified that before this incident you were friendly with Ted Weddington.

A. Yes.

Q. Now, isn't it true that after this incident you weren't as friendly any more with each other, is that correct?

A. At the very beginning of the accident we were still good friends. We both rode to the hospital.

Q. I understand that and obviously both of you were concerned about this child, is that right?

A. Definitely.

Q. But after that you were no longer friendly, is that correct?

A. Yes, I believe ...

Q. You can answer it yes or no.

THE COURT: On television they make you answer yes or no. Just go ahead and answer it please.

THE WITNESS: Yes. The whole thing got nasty. I was told that he did not have insurance, and he wasn't allowed to drive the van. Oops. Was I supposed to say that?

THE COURT: Go ahead and ask him another question.

\*　　\*　　\*　　\*　　\*　　\*

When the cross-examination was completed, Petitioner moved for a mistrial based on the mention of a lack of insurance on the part of Respondent. The trial judge denied the motion and the trial continued.

---

**1.** Donald and Dorothy Ault were named as defendants on a claim of negligently entrusting their automobile to Mr. Weddington. The trial court granted summary judgment in favor of the Aults and they are not a party to these proceedings.

Later in the trial, one juror propounded the following written question regarding the admissibility of the inadvertent reference to Respondent's lack of insurance coverage:

[T]he plaintiff's attorney made reference to the possible fact that the defendant was not insured to drive the van. I remember that this question was not allowed. I think if this fact ends up having bearing on our damage judgment, perhaps we should check the court record to be sure about this fact; that is, is the question admissible or not.

The juror who posed the question and the jury foreman, who had read the question before passing it on to the judge, were called into chambers outside the presence of the remainder of the jury. The judge informed these two jurors that

[w]hatever Mr. Weddington has, whatever [Ms. Morris] has, either by way of assets, liabilities, insurance, worldly goods of any kind is not an issue in this case. You are not to take any of that into consideration when you go into the jury room to deliberate. It has no bearing on the issues in this case.

Despite these instructions to disregard the issue of insurance coverage, the jury propounded three additional questions relating to insurance coverage to the judge during deliberations: (1) whether a health insurance carrier had paid any portion of Keith's medical expenses, (2) whether, if the jury found Weddington negligent, the insurance company would be able to recover its payment from him, and (3) whether Ms. Morris must reimburse the insurance carrier for any medical expenses awarded her.

The judge responded by writing the following note to the jury:

None of the questions asked by you are issues in this case. You are only to decide whether or not the defendant was or was not negligent. If he was negligent, then you are to decide what if any damages [Ms. Morris]

sustained and what, if any, damages the minor child sustained.

The jury returned a verdict in favor of both Keith Morris and Ms. Morris and awarded Ms. Morris $7,033.45 but awarded no damages to Keith Morris. The judge instructed the jury that if they found for Keith Morris, they must award him at least one dollar in damages. The jury retired for further deliberations and once again returned with a verdict in favor of the Morrises. This time, the jury awarded Keith Morris $1,000.00 and Ms. Morris $7,033.45.

Petitioner moved for a new trial on the ground that the jury had been informed that Respondent was not insured and that this information influenced the jury to compromise their award to an amount that was inadequate to fully and fairly compensate Petitioner. The motion was denied. Petitioner appealed to the Court of Special Appeals, which affirmed the trial court's decisions regarding the motion for mistrial and for a new trial.[2] The intermediate appellate court noted that an unresponsive or unexpected reference to insurance by a witness will be stricken on request, but that it is usually not a ground for a mistrial. Regarding the instant case, the intermediate appellate court concluded that it was highly unlikely that the jury had been prejudiced by an inadvertent reference to a lack of insurance coverage. *Morris v. Weddington*, 74 Md.App. 650, 539 A.2d 1145 (1988). Additionally, the Court of Special Appeals presumed that the jurors were aware that the Maryland Automobile Insurance Fund was available as a source of recovery for persons injured by uninsured motorists in Maryland. We granted certiorari to address the important issues raised.

2. The Court of Special Appeals reversed the trial court's decision granting summary judgment in favor of Donald and Dorothy Ault on the claim of negligent entrustment for lending the van to Respondent. The case was remanded for trial on the negligent entrustment claim alone.

Petitioner urges this Court not to analogize the instant situation to the present practice which relaxes the rule against mentioning the existence of insurance and allows such fact to be presented to the jury. This argument is based on the premise that not having insurance in today's society is comparable to having been covered by insurance when the general rule prohibiting the mention of insurance coverage was formulated. Petitioner concedes that the rule making evidence of insurance coverage inadmissible has been eroded as liability insurance has become more and more common. Petitioner argues, however, that as the assumption that everyone has insurance has become more widespread, the lack of insurance has become the exception to the rule. Hence, Petitioner contends that a lack of insurance coverage is now as unique as the presence of insurance was in the past, and is therefore entitled to the same treatment that evidence of insurance coverage received in the past, i.e., that any mention of a lack of liability insurance coverage is grounds for a mistrial.

Additionally, Petitioner maintains that her motion for a mistrial at the conclusion of the cross-examination of the witness was sufficient to communicate to the trial court her belief that the jury had been prejudiced by the remark. Furthermore, Petitioner claims that she did not request a curative instruction at the time of the remark because she believed that any further mention of the subject to the jury would exaggerate and reinforce the issue in the minds of the jurors. Petitioner notes that two curative instructions were later given, and yet the insurance issue still pervaded the jury's decision-making process.

Respondent counters that the unsolicited, unresponsive, and inadvertent mention of the lack of insurance by Petitioner's witness during cross-examination was not sufficient to cause a mistrial. Respondent relies on the reputed softening of the rule against the introduction of insurance evidence, especially when there is no apparent intent to inform the jury of the fact of insurance. Respondent also questions Petitioner's proof regarding the effect that the

information had on the jury. Respondent maintains that the size of a jury verdict is almost never reviewable and that any conclusion as to how the jury reached its verdict would require speculation. Additionally, Respondent contends that the proper action to be taken was to strike the reference to insurance from the record. The decision to grant a new trial or a mistrial is within the sound discretion of the trial judge, who is in the best position to gauge any possible bias on the part of the jury. Respondent urges this Court not to disturb the trial judge's decision on this point.

Maryland follows the majority rule that evidence of insurance on the part of a defendant is generally inadmissible. *Allstate Insurance Co. v. Atwood,* 319 Md. 247, 258, 572 A.2d 154 (1990). *See also, Allstate Insurance Co. v. Miller,* 315 Md. 182, 191, 553 A.2d 1268, 1272 (1989); *Jones v. Federal Paper Board Co., Inc.,* 252 Md. 475, 494–95, 250 A.2d 653, 664 (1969); *Snowhite v. State,* 243 Md. 291, 301, 221 A.2d 342 (1966); *Takoma Park Bank v. Abbott,* 179 Md. 249, 263, 19 A.2d 169, *cert. denied,* 314 U.S. 672, 62 S.Ct. 134, 86 L.Ed. 538 (1941). This policy stems from the fact that the matter of insurance is irrelevant to the issue of a defendant's liability and is highly prejudicial. *Allstate Insurance v. Atwood,* 319 Md. at 258, 572 A.2d 154. There are, however, recognized exceptions to this rule, as we noted in *Snowhite:*

1.   Where the evidence is relevant to the cause of the accident or the liability of the defendant.

2.   Where the reference to insurance is made by the defendant or his witness, in which event the testimony is admissible and is subject to legitimate comment and argument.

3.   Where the evidence is relevant to an issue of which of two or more defendants was the employer of the operator of the vehicle involved.

243 Md. at 302, 221 A.2d at 348 (citations omitted).

All of the cases referenced by the parties can be distinguished from the instant situation in that those cases in-

volve the mention of the existence of insurance, rather than the lack of insurance. Likewise, our research has found no Maryland cases dealing with the mention of a lack of insurance. Nonetheless, some guidance can be drawn from cases which deal with the issue of insurance in general.

Our cases generally prohibit the slightest reference to insurance in front of the jury primarily because such reference is irrelevant and has no bearing on the issue of damages. *See, Allstate Insurance Co. v. Atwood,* 319 Md. at 258, 572 A.2d 154; *Allstate Insurance Co. v. Miller,* 315 Md. at 191–92, 553 A.2d 1268; *Jones v. Federal Paper Bd. Co.,* 252 Md. at 494–95, 250 A.2d 653; *Takoma Park Bank v. Abbott,* 179 Md. at 263, 19 A.2d 169.

■ The rule against admitting evidence regarding insurance is for the protection of both parties. If the amount of insurance coverage is high, reference to it may prejudice the defendant because the jury may consider the fact that the defendant will not be personally liable for any damages, and therefore be overly generous in an award to the plaintiff. Conversely, if the limits of coverage are low, or if coverage is nonexistent, the award may be smaller than justified because the jury may limit the award to what it believes the defendant can personally afford regardless of the actual damages proved. McCormick, Evidence (3d ed. 1984) § 201. The latter possibility is what petitioner alleges occurred in the instant case. The better practice, then, is to prevent the issue of insurance, or the lack of insurance, from being introduced at trial.

■ In this case, after hearing that the Respondent was uninsured, the jury came back with an award well below the damages established by Brenda and Keith Morris. It is clear to us from the several questions asked by the jury that insurance, or the lack thereof, was a primary factor in the jury's consideration of the award.

The amount of damages in this case is significant only insofar as it tends to demonstrate the influence that the issue of insurance had on the jury. We conclude, then, that

the mere mention of the lack of Weddington's insurance so contaminated the trial that the motion for a mistrial should have been granted as soon as Petitioner's attorney so moved. We, therefore, reverse the judgments below.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND TO THAT COURT FOR A NEW TRIAL. RESPONDENT TO PAY THE COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS.