981 A.2d 798

**Barbara ABRISHAMIAN**

v.

**Earl BARBELY.**

**No. 1370, Sept. Term, 2008.**

Court of Special Appeals of Maryland.

Oct. 5, 2009.

336

Alan S. Albin, Morristown, NJ, for Appellant.

Richard E. Schimel (Budow and Noble, PC, on brief), Bethesda, for Appellee.

Panel: SALMON, EYLER, JAMES R., MATRICCIANI, JJ.

## MATRICCIANI, J.

This case arises from a tort suit brought by appellant, Barbara Abrishamian, against appellee, Earl Barbely, in the Circuit Court for Montgomery County. Prior to the start of testimony, appellant moved for the judge's recusal, which motion the trial court denied. During testimony, appellant moved for a mistrial based on the admission of prejudicial evidence, which the trial court also denied. After the jury returned a favorable verdict, appellant filed a motion for new trial under Maryland Rule 2–533, which motion the trial court also denied. This timely appeal followed.

## QUESTIONS PRESENTED

Appellant presents three questions, which we have combined and reworded, for clarity:

I. Did the trial court err when it denied appellant's motion for recusal?

II. Did the trial court err when it denied a mistrial based on an unanswered and stricken question regarding appellant's insurance coverage?

III. Did the trial court err by denying appellant's motion for a new trial based on inadequate verdict without a statement of reasons?

For the reasons set forth below, we find no error and affirm the trial court's judgment.

## FACTS AND PROCEEDINGS

On November 18, 2004, appellant was walking across the driveway of the Shady Grove Shopping Center at the same time that appellee was exiting the shopping center by car. The two collided, causing various injuries to appellant's left leg and knee. Appellant filed suit in the Circuit Court for Montgomery County on July 14, 2006, claiming that appellee's negligence caused her to incur substantial medical bills, as

well as significant pain and suffering. Appellee disputed those claims and the case proceeded to a jury trial on May 20, 2008.

Before testimony in the case began, appellant moved to recuse the judge, citing a discussion in chambers wherein the parties learned that the judge's brother had drafted a will for appellee some seventeen years prior to the instant case. Appellant also raised the issue that, nine years prior, the same brother had provided legal services for a certain "Vicky Barbely," whom appellee admitted he knew, but who was unknown to the judge. The court denied appellant's recusal motion and proceeded with trial.

At trial, the jury heard testimony from several witnesses regarding the nature of the accident and alleged damages, as well as medical expert testimony from both sides as to the cause of appellant's injuries and whether her subsequent medical treatment and expenses were reasonable and necessary.

During appellant's case-in-chief, appellee cross-examined appellant's medical expert, Dr. John Richard Wells, regarding the timeliness of appellant's treatment. Dr. Wells cited appellant's inability to pay, causing counsel for appellee to ask whether Dr. Wells had been in possession of appellant's insurance card. Appellant immediately objected and, before Dr. Wells could answer, the court sustained the objection and struck the question. At the conclusion of that day's testimony, after the jury had been dismissed, appellant moved for a mistrial, claiming that the reference to appellant's insurance card was inadmissible and unduly prejudicial. After a brief comment from opposing counsel, the trial court denied appellant's motion for a mistrial. At the conclusion of trial, the circuit court instructed the jury to disregard stricken evidence and collateral sources of compensation:

> It is the duty of a lawyer to make objections which that lawyer believes are proper. You should not be influenced by the fact that these objections were made no matter how

the Court may have ruled on them. You must disregard any evidence which I have ordered stricken.

* * *

In arriving at the amount of damages to be awarded for past and future medical expenses you may not reduce the amount of your award because you believe or infer that the plaintiff has received or will receive reimbursement for or payment of proven medical expenses from persons or entities other than the defendant such as, for example, medical expenses paid by plaintiff's health insurer.

The jury returned a verdict in favor of appellant that awarded $27,924.69 for past medical expenses but did not provide for future medical expenses or non-economic damages. On May 30, 2008, appellant moved for a new trial under Maryland Rule 2–533, citing inadequacy of the verdict. The circuit court entered its judgment on June 2, 2008, and ten days later, appellee filed an opposition to appellant's new trial motion.[1] The trial court denied the new trial motion in an order, without a written opinion or statement of reasons. Appellant filed a timely notice of appeal.

## DISCUSSION

### Standard of Review

Appellant argues that the trial judge erred by failing to recuse himself, by denying appellant's motion for a mistrial, and by failing to order a new trial. Each of those matters is discretionary, and we will not disturb the trial court's decisions unless they constitute abuses. *S. Easton Neighborhood Ass'n, Inc. v. Town of Easton,* 387 Md. 468, 499, 876 A.2d 58 (2005) ("Unless grounds for mandatory recusal are met, a judge's decision not to recuse himself or herself will be overturned only upon a showing of an abuse of discretion." (citation omitted)); *Goldberg v. Boone,* 396 Md. 94, 114, 912 A.2d 698 (2006) ("Because the decision of whether to grant a

---

1. Rule 2–533 tolls the time to reply to a motion for new trial, so that appellee's reply was timely. Md. Rule 2–533(a).

mistrial lies within the sound discretion of the trial judge, we will only disturb its denial if we find that there was an abuse of that discretion." (citation omitted)); *Buck v. Cam's Broadloom Rugs*, 328 Md. 51, 57, 612 A.2d 1294 (1992) ("The question whether to grant a new trial is within the discretion of the trial court. Ordinarily, a trial court's order denying a motion for a new trial will be reviewed on appeal if it is claimed that the trial court abused its discretion." (citation omitted)).

We do not disturb a trial court's discretionary ruling simply because we would not have made the same ruling. *King v. State*, 407 Md. 682, 697, 967 A.2d 790 (2009). Thus, abuse has been found "where no reasonable person would take the view adopted by the trial court," "when the court acts without reference to any guiding rules or principles" or rules "on untenable grounds," and where the ruling "does not logically follow from the findings upon which it supposedly rests or has no reasonable relationship to its announced objective." *North v. North*, 102 Md.App. 1, 13–14, 648 A.2d 1025 (1994) (internal citations and quotation marks omitted).

## I.

Appellant argues that the trial judge erred in failing to recuse himself from trial.[2] The rules governing judicial recusal are codified as the Canons of Judicial Conduct, in Maryland Rule 16–813. Canon 3D(1) states, in broad terms, that "[a] judge shall recuse himself or herself from a proceeding in which the judge's impartiality might reasonably be questioned," then lists a non-exclusive set of circumstances that mandate recusal. Md. Rule 16–813 Canon 3D(1), 3D(2) cmt. Among them, recusal is required where a judge knows that a family member "has a significant financial interest in . . . a party to the proceeding[,]" and where an individual within the judge's third degree of relationship "is known by the judge to

---

**2.** Appellant's counsel indicated during oral argument that appellant is no longer pressing this argument. We shall address it, briefly, nonetheless.

have a significant financial interest that could be substantially affected by the proceeding[.]" [3] Md. Rule 16–813 Canon 3D(1)(c), (d)(i, iii).

■ Appellant argues that because the judge's brother rendered legal services to appellee seventeen years before trial,[4] and to a woman named "Vicky Barbely" [5] ten years before trial, the judge therefore knows that the brother has either a "significant financial interest" in appellee, or one that could be "substantially affected by the proceeding[.]" Any fees that the judge's brother received had been earned at least ten years before the matter in controversy, and we cannot infer from them that the judge knew of any interest his brother may have in the instant case or its parties, whether significant or not. The trial judge, therefore, was not compelled to recuse himself under the mandatory provisions of Canon 3D(1).

■ Appellant also contends that, under the "catch-all" provision of Canon 3D(1), the trial judge should have recused himself because the trial court's "impartiality might reasonably be questioned." Md. Rule 16–813 Canon 3D(1). The principles governing discretionary recusal were succinctly

---

3. Maryland Rule 16–813(j)(1) provides:
 (1) **"Significant financial interest"** means ownership of:
 (A) an interest as the result of which the owner has received within the past three years, is currently receiving, or in the future is entitled to receive, more than $1,000 per year; or
 (B) more than 3% of a business entity; or a security of any kind that represents, or is convertible into, more than 3% of a business entity.

4. The record indicates that, at the time the trial judge's brother performed legal services for appellee, the trial judge and his brother were in private practice, together. There is no indication on the record that, at the time of trial, the judge still had any direct interest in said practice. Thus, we need only consider whether the brother's current interest ethically implicates the trial judge.

5. The trial court did not explore the relation between appellant, Earl Barbely, and the woman in question, "Vicky Barbely." Appellee acknowledged nothing beyond the fact that this person was known to him.

stated in *South Easton Neighborhood Association v. Town of Easton:*

> [W]e have held that the party moving for recusal bears a heavy burden to overcome the presumption of impartiality. Judges occupy a distinguished and decisive position ... [requiring them] to maintain high standards of conduct. Unless grounds for mandatory recusal are met, a judge's decision not to recuse himself or herself will be overturned only upon a showing of an abuse of discretion.

387 Md. at 499, 876 A.2d 58 (2005) (internal citations and quotation marks omitted).

The Court of Appeals has found reason to question a judge's impartiality where accused by counsel of repeated sexual misconduct, *Surratt v. Prince George's County,* 320 Md. 439, 578 A.2d 745 (1990), where the judge's former wife's stepson was criminally implicated in the case-at-hand, *In re Turney,* 311 Md. 246, 533 A.2d 916 (1987), and where the judge had recently stated that a defendant's acquittal was an "abomination," *Jefferson-El v. State,* 330 Md. 99, 622 A.2d 737 (1993). Nothing on the record before us approaches the gravity of those cases. Appellant's case is closest to *Attorney Grievance Commission v. Blum,* 373 Md. 275, 818 A.2d 219 (2003), in which the appellant accused the judge of bias after an adverse ruling on a discovery issue. *Id.* at 297, 818 A.2d 219. There, the judge stated that he had "no reason or basis" to recuse himself, and the record indicated that he was "both patient and fair." *Id.* Ultimately, the Court of Appeals found no grounds for recusal—only that the judge had not ruled in the appellant's favor. *Id.* As in *Blum,* appellant's arguments do not outweigh her "heavy burden" and proves neither error nor abuse of discretion.

 Appellant also contends that the trial court abused its discretion by failing to fully investigate the potential grounds for recusal, arguing that "[i]n order to display a proper exercise of ... discretion, the record would have to ... affirmatively disclose all the relevant facts concerning these relationships." Appellant relies primarily on *Scully v. Tauber,*

138 Md.App. 423, 771 A.2d 550 (2001), in which we stated that the exercise of discretion must be clear from the record. *Id.* at 431, 771 A.2d 550(citing *Nelson v. State,* 315 Md. 62, 70, 553 A.2d 667 (1989); *Maus v. State,* 311 Md. 85, 108, 532 A.2d 1066 (1987)). The duty to exercise discretion is a guard against "arbitrary or capricious" actions or a judge's "unyielding adherence to a predetermined position." *Maddox v. Stone,* 174 Md.App. 489, 502, 921 A.2d 912 (2007) (citations omitted). It says nothing of how much a judge must know or inquire to exercise discretion justly. Appellant's argument would turn the duty to exercise discretion into an obligation to perform judicial discovery.[6] It is not. The record shows that the trial court analyzed the relevant facts known to it and exercised discretion to deny appellant's motion, and in so doing, it did not err.

## II.

Appellant argues that the trial court erred when it did not order a mistrial after appellee's counsel, while cross examining appellant's physician, asked if he had been in possession of appellant's insurance card. Appellee argues that appellant put mitigation of damages at issue when she claimed that she could not afford treatment, entitling appellee to rebut those claims with evidence of appellant's insurance coverage.

The threshold question is whether the trial court admitted insurance evidence in violation of the Collateral Source Rule. In Maryland, the Collateral Source Rule excludes evidence of a plaintiff's insurance coverage to be sure that a tortfeasor pays the full amount of damages, even if the injured party's expenses have been paid by a third party (such as a health insurer), leaving the issue of their final distribution

---

6. Appellant also cites Canon 3D(2), which requires a judge to "make a reasonable effort to keep informed about the personal financial interests of each member of the judge's household." Md. Rule 16–813 Canon 3D(2). In the absence of evidence that the judge's brother is or was a member of the judge's household, that section imposed no duty upon the trial judge to investigate his brother's financial interests.

to the laws of subrogation. *See Narayen v. Bailey*, 130 Md.App. 458, 466–67, 747 A.2d 195 (2000); *see also Corapcioglu v. Roosevelt*, 170 Md.App. 572, 612, 907 A.2d 885 (2006). Collateral source evidence is substantively inadmissible, and our courts generally prohibit the slightest reference to insurance in front of a jury because it may prejudice the issue of damages. *Morris v. Weddington*, 320 Md. 674, 681, 579 A.2d 762 (1990); *Titan Custom Cabinet, Inc. v. Advance Contracting, Inc.*, 178 Md.App. 209, 226, 941 A.2d 547 (2008) (citing *Haischer v. CSX Transp., Inc.*, 381 Md. 119, 134, 848 A.2d 620 (2004)).

▇▇ As with nearly all rules, the Collateral Source Rule has several exceptions. The exception relevant to this case states that evidence of a plaintiff's insurance coverage is admissible if the plaintiff opened the door by asserting a misleading level of poverty. *Haischer*, 381 Md. at 135, 848 A.2d 620.

▇▇ In this case, appellee sought evidence pertaining to appellant's duty to mitigate damages. During direct examination, the witness had testified that his patient delayed medical treatment because of insufficient funds. This opened the door for appellee to examine the truth of the matter, fitting evidence of appellant's insurance coverage squarely into one of the Collateral Source Rule's exceptions.[7] The trial court did not, therefore, abuse its discretion in allowing trial to continue after appellee's attorney posed a question about appellant's insurance coverage.

### III.

Appellant argues that the trial court abused its discretion when it denied a new trial due to insufficient verdict without issuing a written opinion. The question here is twofold. First, did the appellee's insurance question so prejudice the

---

7. We note that the unanswered question may not be "evidence" subject to the Collateral Source Rule. Regardless, it would be an exception to the Collateral Source Rule in this case, so we need not determine here whether it actually constituted evidence.

jury that it's verdict was unfair? Second, did the trial court abuse its discretion when it denied the motion for new trial without issuing a separate opinion or statement of reasons?

## A. Prejudice

Appellant relies heavily on what she considers an inadequate verdict to prove that even though the jury heard no actual evidence of insurance, the appellee's question was so prejudicial that curative measures failed and she was denied a fair trial. The jury awarded $27,924.69 for past medical expenses and did not award any non-economic damages or future medical expenses. Specifically, appellant notes that the award for past medical expenses is only (and precisely) half of her submitted expenses, and that her future medical expenses and non-economic damages were "undisputed."

When analyzing prejudicial evidence, we must determine "first, whether the moving party was prejudiced by the opposing party's conduct, comments or evidence; and second, whether the trial judge took sufficient curative measures to overcome that prejudice, or, whether the prejudice was so great that, in spite of the curative measures, the moving party was denied a fair trial." *Goldberg*, 396 Md. at 115, 912 A.2d 698 (citations omitted). In the case of incurable prejudice, the movant is entitled to a new trial. *Id.* But we have noted that, "where the possibility of prejudice is slight, . . . a mere inference that there may be insurance would not necessarily require a termination of the trial." *Bricker v. Graceffo*, 236 Md. 558, 564, 204 A.2d 512 (1964) (citations omitted).

We begin by noting that, although a trial court may set aside a verdict on the ground that it is against the weight of the evidence, we do not know of any case that has been reversed for an inadequate verdict. *Snyder v. Cearfoss*, 186 Md. 360, 368, 46 A.2d 607 (1946); *see Butkiewicz v. State*, 127 Md.App. 412, 732 A.2d 994 (1999) (citing *Buck*, 328 Md. at 58, 612 A.2d 1294). This is most likely because the trier of fact may accredit or disregard any evidence introduced,[8] and a

---

8. The trial court explicitly instructed the jury that they "need not believe any witness even though the testimony is uncontradicted,"

reviewing court may not decide how much weight should have been given to each item of evidence. *Edsall v. Huffaker,* 159 Md.App. 337, 342, 859 A.2d 274 (2004) (citations omitted).

▪ Appellant asserts that, having awarded economic damages, a jury that fails to award non-economic damages *must* have been prejudiced. We have directly addressed this issue and held that juries awarding medical expenses do not necessarily have to award non-economic damages. *Butkiewicz,* 127 Md.App. at 423–24, 732 A.2d 994 (citing *Leizear v. Butler,* 226 Md. 171, 172 A.2d 518 (1961)). Appellant relies on *Brooks v. Bienkowski* to argue the contrary, but seems to have overlooked the passage in which we plainly state:

> A jury's failure to award non-economic damages, even though the record shows that it is very likely that the plaintiff did experience significant pain and suffering, does not necessarily warrant a new trial.

*Brooks v. Bienkowski,* 150 Md.App. 87, 128, 818 A.2d 1198 (2003), *vacated on other grounds,* 386 Md. 516, 873 A.2d 1122 (2005). The present jury was free to disregard any and all testimony supporting appellant's non-economic damages claim and to conclude, for example, that she experienced no pain, or that medication cured any such pain. We cannot, therefore, say that the trial court abused its discretion when it denied a new trial for want of noneconomic damages.

▪ Appellant also repeatedly argues that her past and future medical expenses were undisputed, and that because the jury awarded no future medical expenses and precisely half of her submitted past expenses, prejudice is the only explanation. This is a question of what one might call "judicial causation." Was the award a tainted product of prejudicial evidence, or was it the result of machinations within the jury's near-sacred discretion?

To answer this question, appellant likens her case to *Morris v. Weddington,* in which the Court of Appeals ordered a new

---

including expert testimony. *See* Maryland Civil Pattern Jury Instructions §§ 1:3, 4 (2008).

trial after a witness inadvertently testified that a personal injury defendant did not have automobile insurance. *Morris,* 320 Md. at 681–82, 579 A.2d 762. In that case, despite two curative instructions, it was "clear . . . from the several questions asked by the jury that insurance, or the lack thereof, was a primary factor in the jury's consideration of the award." *Id.* at 681, 579 A.2d 762. Unlike *Morris,* here we have no actual testimony rendered and no questions from the jury. There was no more than "a mere inference" of collateral source payments and no indication on the record that they caused the verdict in question.

The verdict in this case appears to be a classic "compromise verdict." As we noted in *Butkiewicz:*

[T]he jury may have reached a compromise verdict, because the issue of negligence was hotly disputed. To be sure, the doctrine of comparative negligence is not the law in Maryland. Nevertheless, in the politics of jury deliberations, conflict among the members of the jury as to liability may ultimately be resolved by means of reduced damages. In that regard, we note again that the jury awarded appellant the precise amount of his past medical expenses and lost wages.

*Butkiewicz,* 127 Md.App. at 428–29, 732 A.2d 994. Here, the jury awarded *half* of the precise amount of appellant's past medical, but the same logic applies.

Appellee only mentioned the possibility of insurance coverage in a question whose answer would have been admissible as an exception to the Collateral Source Rule.[9] Regardless of that, and before the witness could answer, the trial court sustained appellant's objection, struck the question, and, at the trial's conclusion, properly instructed the jury to ignore that reference and any collateral sources of compensation. The record contains only the slightest inference of appellant's

---

**9.** Having determined, *supra,* that appellee's question fit within an accepted exception to the Collateral Source Rule, it would be inconsistent to hold that the trial court abused its discretion in denying appellant's new trial motion.

insurance coverage and no clear indication that the jury considered it when reaching its verdict. In spite of the admittedly unusual award in this case, we have scant reason to believe that it was caused by prejudicial evidence admitted in error. We cannot, therefore, say that the trial court abused its discretion when it denied appellant's motion for new trial.

### B. The Trial Court's Exercise of Discretion

■■ Appellant argues that, regardless of whether the decision to deny a new trial was ultimately correct, the trial court abused its discretion because it did not issue a written opinion or statement of reasons in support of said decision.

■■■ As stated in Part I of this discussion, the exercise of discretion must be clear from the record. *Scully*, 138 Md.App. at 431, 771 A.2d 550 (citations omitted). We directly addressed this point in *Fraidin v. Weitzman*, when we declared that "there is no requirement in Maryland that a trial court state on the record its reasons for interfering or not interfering with a jury verdict." *Fraidin v. Weitzman*, 93 Md.App. 168, 210, 611 A.2d 1046 (1992) (citing *Med. Mut. Liab. Ins. Soc'y of Maryland v. B. Dixon Evander & Assocs., Inc.*, 92 Md.App. 551, 609 A.2d 353 (1992)). Again, we emphasize that the duty to exercise discretion is a guard against "arbitrary or capricious" actions or a judge's "unyielding adherence to [a] predetermined position." *Maddox*, 174 Md. App. at 502, 921 A.2d 912 (citations omitted). We presume that a trial judge correctly exercised discretion, knows the law, and performed his or her duties properly. *Payton–Henderson v. Evans*, 180 Md.App. 267, 286, 949 A.2d 654 (2008). A judge does not need to state every consideration or factor, so long as the record supports a reasonable conclusion that appropriate factors were taken into account in the exercise of discretion. *Id.*

The judge who denied the new trial motion presided over the trial, heard the evidence, and sustained the jury's verdict. The record reflects no evidence that the trial court was positively and blindly following an arbitrary or predetermined

rule, and because Maryland law does not require a written statement of reasons for the court's decision, we cannot say that the trial court erred or abused its discretion solely because it failed to issue a written statement of reasons for denying appellant's motion for new trial.

**JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**