*Kara Keller v. Charles J. Serio and GEICO Ins. Co.*, Case No. 48, September Term 2013, Opinion by Adkins, J.

**MARYLAND RULE 2-520 — INSTRUCTIONS TO THE JURY — REVERSIBLE ERROR:** It was not reversible error for a trial court to fail to instruct a jury as to why a plaintiff's underinsured motorist carrier was a defendant at the trial or what underinsured motorist coverage is in a tort suit where the question of insurance coverage was not before the jury.

Circuit Court for Baltimore County
Case No. 03-C-09-004484
Argued: January 9, 2014

IN THE COURT OF APPEALS

OF MARYLAND

No. 48

September Term, 2013

_____

KARA KELLER

v.

CHARLES J. SERIO AND GEICO
INSURANCE COMPANY

_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.

_____

Opinion by Adkins,  J.

_____

Filed: February 26, 2014

In this case we are asked to decide whether it is reversible error for a trial court to reject a jury instruction on the nature of underinsured motorist ("UM") coverage when an insurer is a party to the suit, but the issue of coverage is not before the jury. Because we fail to see how a question pertaining to coverage can constitute an essential part of a plaintiff's theory of the case in litigation confined to causation and damages, we affirm the judgment of the Court of Special Appeals.

## FACTS AND LEGAL PROCEEDINGS

This appeal arises out of a dispute between Kara A. Keller ("Petitioner"), who was injured in a motor vehicle accident, and her UM coverage provider GEICO and the at-fault driver Charles J. Serio (collectively "Respondents"). On April 21, 2006, Petitioner was rear-ended by Serio. Petitioner's car suffered superficial damage. After the accident, Petitioner and Serio exchanged insurance information. Keller subsequently drove home, called an attorney, and went to the emergency room. Her medical treatment, which lasted over five years, spanned multiple care-givers and addressed headaches, back pain, and overall chronic pain. Her medical bills totaled $27,355.69.

In April of 2009, Keller filed suit against Serio in the Circuit Court for Baltimore County. Keller later informed her motor vehicle insurer, GEICO, with whom she had UM coverage, of the potential for a UM claim. GEICO then successfully moved to intervene as a defendant to protect its possible interest in the litigation.

At the trial, the parties stipulated that Serio was at fault for the accident. The only issues before the jury were causation and damages. In her opening statement, Petitioner's

counsel identified Serio as the at-fault driver, and identified GEICO as Keller's UM policy carrier. GEICO's counsel identified herself at trial. GEICO did not offer an opening statement, did not question witnesses, and did not present a closing argument. After Keller and Serio presented their cases, the trial court instructed the jury on the questions of causation and damages as they appeared on the verdict sheet. Keller's counsel offered a proposed jury instruction on the nature of UM coverage.[1] The trial court refused to give this instruction, noting that insurance was not at issue at the trial. The jury returned a verdict in favor of Keller for $27,355.69, which was the amount of her medical bills. On the itemized verdict sheet, the jury entered $0 for both future medical expenses and non-economic damages.

Petitioner later filed a motion for a new trial claiming that the jury award was inconsistent by awarding damages for medical expenses related to alleviating pain, but no damages for pain and suffering, and that in not giving an instruction about the nature of UM coverage, the trial court confused the jury. The court denied this motion. Petitioner then appealed to the Court of Special Appeals. In an unreported opinion, the intermediate

---

[1]The proposed instruction was the definition of UM coverage as explained in the eighth edition of Black's Law Dictionary. It read as follows:

> Underinsured-motorist coverage is defined as insurance that pays for losses caused by a driver who negligently damages the insured but does not have enough liability insurance to cover the damages.

Black's Law Dictionary 1561–1562 (8th ed. 2004).

2

appellate court declined to find an abuse of discretion either in the trial court's declining to instruct the jury on the definition of UM coverage, or in its declining to order a new trial on the basis of the inconsistent verdict.

We granted *certiorari* to address the following question:[2]

> [Whether] the failure to instruct the jury about the reason the plaintiff's underinsured motorist carrier is a party to a tort suit is reversible error?

Because the issue of UM coverage was not before the jury, we answer this question in the negative. Petitioner has no right to a jury instruction on a matter that is not properly before the jury.

## DISCUSSION

We review a trial court's refusal or grant of a jury instruction under the abuse of discretion standard. *See Stabb v. State*, 423 Md. 454, 465, 31 A.3d 922, 928 (2011). In

---

[2]In her brief, Petitioner presents the issue in three parts:

> - Whether a party has a right to have the jury instructed as to the theory of its case.
>
> - Whether, when insurance is mentioned in a personal injury case, the court has a duty to give some instruction.
>
> - Whether it is appropriate for an appellate court to rule on the sufficiency of an instruction, when the issue was not decided by the trial court.

Because we granted *certiorari* only to address the question of whether it was error for the court not to instruct the jury on the UM carrier's presence at trial and its role in the suit, we shall confine our analysis to that question.

3

determining abuse of discretion in this context, we look to the following factors: "(1) whether the requested instruction was a correct statement of the law; (2) whether it was applicable under the facts of the case; and (3) whether it was fairly covered in the instructions actually given." *Stabb*, 423 Md. at 465, 31 A.3d at 928 (citing *Gunning v. State*, 347 Md. 332, 348, 701 A.2d 374, 381 (1997) (internal citations omitted)).

Keller interprets the question of why GEICO was a defendant at trial as identical to the question of how UM coverage works and presents three interrelated arguments to support her claim that refusing an instruction on UM coverage was error. Petitioner's first argument is that litigants are entitled to an instruction on their theory of the case. Petitioner advances that disallowing such an instruction prevented her from instructing the jury on her theory of the case, theorizing that the nature of UM coverage could be confusing to a layperson. Keller's second argument is that in not instructing the jury on the nature of UM coverage, the trial court caused the jury to be confused and possibly make adverse inferences about why GEICO was a defendant in the action. Finally, Keller avers that because the trial court never "mull[ed] over" whether the proposed instruction would have been sufficient, it was improper for the Court of Special Appeals to deem it insufficient. We examine the arguments in turn.

Petitioner avers that she was prevented from explaining her claim against GEICO, thereby making her unable to explain her theory of the case. She claims that she was so inhibited because "UM coverage" is a confusing term, and the jury was unable to adequately

4

comprehend the role and presence of GEICO at trial. Thus, Keller says, she could not fully explain her case against GEICO at trial.

In support of this argument, Petitioner relies heavily on *Boone v. American Manufacturers Mutual Insurance Co.* for the proposition that UM coverage is a confusing concept, and that such confusion can lead to prejudice. 150 Md. App. 201, 819 A.2d 1099 (2003). To be sure, in *Boone*, the intermediate court held that an accurate understanding of UM coverage was necessary for the jury to properly understand that case. 150 Md. App. at 231, 819 A.2d at 1116. Petitioner construes *Boone* as creating a "requirement that a jury must be told the details of underinsured motorist claims[.]" Thus, she says, in completely failing to instruct the jury on the issue of UM coverage, the trial court erred.

In *Boone*, a woman injured in a car accident obtained a financial settlement from the at-fault driver's insurer. 150 Md. App. at 204, 819 A.2d at 1100. Although this settlement was for the policy limits, Boone thought her true damages exceeded her policy amount. *Id*. She then sued her UM insurer for her remaining expenses and pain. *Id*. At the end of trial, Boone requested that the court instruct the jury on how UM coverage works.[3] *Boone*, 150

_____

[3]The instruction Boone recommended read:

> Members of the jury in finding a verdict for Mrs. Boone in this case, you are instructed that the amount which Mrs. Boone received from the underinsured driver, Mr. Sites, will be subtracted from the total amount of money which you award Mrs. [Boone]. In other words, there will be no double recovery by Mrs. Boone.

(continued...)

5

Md. App. at 219, 819 A.2d at 1109.  The trial court recognized the potential for the jury being confused on the issue of UM coverage, but ultimately declined to deliver Boone's proposed instruction.  *Boone*, 150 Md. App. at 221, 819 A.2d at 1110.  The trial court did, however, attempt to explain UM coverage to the jury as follows:

> [T]here's been some kind of obscure references to . . . what we call underinsurance . . . and . . . it simply means that when you recover for someone's fault that harms you, you recover against the person who harmed you.  But suppose, for example, you don't believe it's enough?  It's not a fair compensation.  You have a right under certain circumstances to go against or to claim against your own policy which may carry what we call under insurance so that in a sense you make up a deficit . . . .  What do you think is fair compensation, given the accident, given what she's testified to?  What she may or may not be looking elsewhere for, has absolutely nothing to do with this case.  Nothing.  Keep your blinders on and look only at that one question, phrased here as two questions.  What are the damages, if any?

*Id*.  The Court of Special Appeals found this instruction insufficient and found that it was error to reject an instruction on UM coverage.  *Boone*, 150 Md. App. at 231, 819 A.2d at 1116.  Particularly, the intermediate court found error because:

> The jury was not told that the sum previously recovered by appellants from Sites would be deducted from the amount of any award of damages.  The jury's ignorance as to that matter certainly could have affected its understanding of the value to appellants of any damages that it awarded.

---

[3](...continued)

*Boone v. Am. Mfrs. Mut. Ins. Co.*, 150 Md. App. at 219, 819 A.2d at 1109.

*Id*. Petitioner asks us to apply the *Boone* holding to this case, and similarly find an error in the Circuit Court's failure to instruct the jury as requested.

*Boone* is inapposite here because in this case the issue of insurance coverage was not before the jury. In *Boone*, the UM insurer was the sole defendant in the action, and the central issue was whether Boone merited coverage under the terms of the policy. 150 Md. App. at 204, 819 A.2d at 1100. As the *Boone* court explained:

> There is no question that the jury was informed that appellants had already recovered some money from Sites, and that the Boones were not satisfied with the amount of that recovery. The jury was also told that, as a result of that dissatisfaction, appellants brought an underinsurance claim against American, their own Insurer. On more than one occasion, the court attempted to explain the concept of underinsurance to the jury. Indeed, in its final jury instructions, the court twice told the jurors that appellants pursued their claim against American because of the alleged "deficit" with regard to appellant's recovery from the tortfeasor.

*Boone*, 150 Md. App. at 231, 819 A.2d at 1116. In the *Boone* context, the nature of UM coverage could be perplexing to the jury. Here, the situation is quite different. Although GEICO was a party defendant though its intervention, Petitioner filed no complaint against it. GEICO was only present to protect its potential interest in the case 11 months after Keller brought suit against Serio. Yet Keller never brought a claim against GEICO and, until the resolution of the underlying litigation, GEICO did not have (and thus could not breach) any contractual obligation to Keller.

At no point during the trial was the subject of UM coverage mentioned. GEICO did

7

not offer a defense, did not question any witnesses, and did not present any arguments to the jury. Though a party, GEICO was not defending any claim, and was only present to protect a possible interest that would not become clear until after the jury delivered its verdict. Simply put, Keller's case against Serio did not involve UM coverage, or GEICO, in any meaningful legal sense.

We agree with the Court of Special Appeals that "the issue of insurance was not an issue in the case and the requested instruction did not inform the jury on the principles of law that applied to and governed the facts in the case." As explained above, the only questions presented to the jury were on causation and damages. This distinguishes the present case from *Boone*, because in *Boone*, the UM insurer was the defendant in a breach of contract lawsuit in which it was the only target. Because coverage was not an issue, an instruction as to the definition of UM coverage is not applicable under the facts of the case.

Petitioner's repeated insistence that she was prevented from having her theory of the case presented to the jury is misplaced. We have explained that "[a] litigant is entitled to have his theory of the case presented to the jury, but only if that theory of the case is a correct exposition of the law and there is testimony in the case which supports it." *Levine v. Rendler*, 272 Md. 1, 13, 320 A.2d 258, 265 (1974). Thus, a party has a right to have their theory of the case presented to the jury only if that theory is supported by evidence or testimony at trial. *Id.* Here, there was no evidence or testimony concerning either GEICO's presence as a defendant or the subject of UM coverage. Any instruction, then, about

8

GEICO's presence or how UM coverage works is simply beyond the scope of what was presented at trial, and thus fails the test that we clearly articulated in *Levine*.[4] Thus, a lack of an instruction on the definition of UM coverage did not impair Keller from putting on a theory of the case as it pertained to the issues before the jury.

Petitioner next claims that the presence of an insurer in this case, combined with the lack of any clear instruction as to how to interpret its presence, could have led the jury to "reach a number of 'distorted' conclusions about [GEICO]'s reason for being made a party, none of them favorable to Ms. Keller." Petitioner characterizes the potential distorted conclusions as follows:

> Perhaps it thought [Keller] was greedy, and was trying to make a double recovery, one against the tortfeasor and another against her insurance company. . . . Or, maybe the jurors concluded that because [GEICO] was an "underinsured motorist carrier," poor Mr. Serio might be without sufficient coverage, and would have to pay out of pocket for any verdict they returned. An award of medical bills, but nothing else, suggests the jury wanted to shield Mr. Serio from having to pay a large award, while making sure that he at least took care of Ms. Keller's seemingly out of pocket medical expenses. Or maybe still it thought that, if it returned a modest verdict against Mr. Serio, Ms. Keller would then be made whole by her insurance company.

Keller submits that the verdict returned by the jury, which she views as inconsistent and

---

[4]As our holding in *Levine* implies, that a party simply argues that a particular factor is essential to their interpretation of how the case should be decided does not, by itself, create a right to a jury instruction on that factor. Rather, in order to meet the standard articulated by *Levine*, the relied upon factor must relate to, and be supported by, evidence and testimony presented at trial.

9

illogical, is evidence of such confusion.  Keller says that because the jury returned a verdict awarding damages for medical bills related to the treatment of pain, but not damages for the pain itself, it is clear that the jury drew an inference adverse to her.  She diagnoses confusion about GEICO's role at trial as the cause of this adverse inference, and argues that her proposed instruction would have cured this confusion.

Respondents counter that it was clear at trial who and what GEICO was, and claims that Petitioner is crying foul for prejudice she created for herself.  During opening statements, Petitioner identified GEICO as a defendant and as Keller's UM carrier.  After that remark, there was no mention of GEICO or of insurance during the trial.  Because opening statements are not evidence, and the jury was instructed on this point, the question of who GEICO was and how its presence would impact the availability of an award for Ms. Keller could not have caused any jury confusion.  *See e.g., Clarke v. State*, 238 Md. 11, 20, 207 A.2d 456, 460 (1965) ("[a]n opening statement by counsel is not evidence[.]").  GEICO was clearly identified during opening arguments, and never mentioned again.

Respondents also argue that it was Keller herself who injected the question of GEICO's presence and potential coverage of Keller's injury into the trial.  Respondents then argue that this Court has a longstanding rule against a party claiming relief on the basis of insurance having been mentioned if that party was the sole source of it having been mentioned.  *See Ass'n of Indep. Taxi Operators, Inc. v. Kern*, 178 Md. 252, 260, 13 A.2d 374, 377 (1940); *York Ice Mach. Corp. v. Sachs*, 167 Md. 113, 127, 173 A. 240, 246 (1934);

10

*Int'l Co. v. Clark*, 147 Md. 34, 43–44, 127 A. 647, 650–51 (1925).

We find Keller's argument unavailing. Although UM coverage can be a confusing issue that may require a jury instruction, the issue was simply collateral to this trial. As mentioned earlier, because Keller prosecuted no claim against GEICO, the issue of coverage was not presented to the jury and was not mentioned during the evidentiary portion of trial. Additionally, Petitioner was allowed to, and did, explain during her opening statement who GEICO was and its relationship to the parties.

Furthermore, we decline to do as Petitioner asks and find jury confusion where there is no clear indicia of jury confusion. Although we would not hold the following factors to be exclusive, we consider the following facts as highly suggestive that the jury was not confused about UM coverage: (1) the jury did not ask for any clarification from the court once deliberation began; (2) the alleged confusing matter was not related to any question presented to the jury; and (3) there was no trial testimony concerning the alleged confusing matter.

We do not find persuasive Petitioner's contention that by awarding damages to cover bills related to injuries and pain, but no damages for the pain itself, the jury demonstrated any confusion. Indeed, to hold such a jury verdict illogical or necessarily inconsistent would amount to us holding that a jury **must** grant non-economic damages whenever it grants damages for medical bills. That is not the law. We have previously held that a jury verdict that awards damages for medical bills, but not pain and suffering, is not necessarily invalid.

11

*See Leizear v. Butler*, 226 Md. 171, 179, 172 A.2d 518, 522 (1961) (holding that the adequacy of a jury award is not reviewable on appeal simply because the verdict included compensation for medical expenses and lost wages, but no damages for pain and suffering), *abrogated by Buck v. Cam's Broadloom Rugs, Inc.*, 328 Md. 51, 56, 612 A.2d 1294, 1296 (1992).[5] The Court of Special Appeals has explained that some jurisdictions have disallowed verdicts that award medical damages where pain and suffering have been proven or could be reasonably assumed from the nature of the injuries involved. *See Butkiewicz v. State*, 127 Md. App. 412, 423, 732 A.2d 994, 1000 (1999). Yet, this Court has not found such a discrepancy to be invalid. *Id*. Indeed, as the Court of Special Appeals has held, jury verdict sheets that have multiple lines for different types of damages, as was present in this case, imply that the jury is allowed to award some types of damages and not others. *Id*. The plaintiff in such cases has the burden of proving each item of damage, and the jury determination of each distinct line item should not be based on guesswork or assumption. *Id*. Therefore, although it may be unusual for a jury to award damages for medical bills to treat pain, but not for the pain itself, such a verdict is not itself irrational, invalid, or evidence of a confused jury.

Furthermore, Keller's proposed instruction would not have, by itself, cured the potential confusion she diagnoses. Without being told the policy limits of the UM coverage,

---

[5]For explanation of the treatment of *Leizear v. Butler*, 226 Md. 171, 172 A.2d 518 (1961) by *Buck v. Cam's Broadloom Rugs, Inc.*, 328 Md. 51, 612 A.2d 1294 (1992), see *Butkiewicz v. State*, 127 Md. App. 412, 425, n.3, 732 A.2d 994, 1000, n.3 (1999).

the jury would still be left to wonder which party would have to pay for any discrepancies between the damages and policy limits, as well as how much would be out of pocket, and would still be confronted with the same issues concerning double recovery.

Keller correctly notes that in "cases where the insurance carrier is a party to the litigation, obviously the existence of insurance cannot be kept from the jury." *Farley v. Allstate Ins. Co.*, 355 Md. 34, 42, 733 A.2d 1014, 1018 (1999). Yet, we also reiterated in the same case that, "the amount of uninsured/underinsured motorist coverage should not be disclosed unless the amount itself is in controversy." *Id*. As explained earlier, Petitioner was allowed to, and did, identify GEICO as her UM insurer—the existence of insurance was not kept from the jury.

Finally, Petitioner asks that she be allowed to amend her requested instruction to cure any error. She argues that a remand with the opportunity to fix a flaw is consistent with the idea that cases are to be decided on their merits rather than the niceties of the pleadings. *See Hansen v. City of Laurel*, 420 Md. 670, 701, 25 A.3d 122, 141 (2011) (holding that this Court has a "preference for granting leave to amend.").

Because we hold that an instruction on the subject of UM coverage is not improperly refused in a case where insurance is not an issue properly before the jury, we need not reach the question of the sufficiency of the proposed instruction. Thus, "whether the requested instruction was a correct statement of the law" is an irrelevant question once we have determined that the subject matter of the instruction was not "applicable under the facts of

13

the case." *Stabb*, 423 Md. at 465, 31 A.3d at 928.  We shall not, then, pass on the question

of the sufficiency of the proposed instruction as a correct statement of the law.

In conclusion, for the above reasons we hold that it is not error for a court to refuse

an instruction on the issue of UM coverage when insurance coverage is not a question before

the jury.

> **JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.**